[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Moir v. Kovack,* Slip Opinion No. 2016-Ohio-158.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-158

THE STATE EX REL. MOIR *v.* KOVACK, JUDGE, ET AL.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Moir v. Kovack,* Slip Opinion No. 2016-Ohio-158.]**

*Prohibition—Effect of recusal of administrative judge—Administrative judge has no jurisdiction to appoint magistrate in case from which judge has recused herself—Judge appointed to hear case has authority to appoint magistrates under Civ.R. 53(A)—Writ granted in part.*

(No. 2014-1951—Submitted April 14, 2015—Decided January 20, 2016.)

IN PROHIBITION.

_____

**Per Curiam.**

{¶ 1} This case is an action for a writ of prohibition regarding an underlying divorce case in the Medina County Court of Common Pleas, Domestic Relations Division. The judge assigned to the case, respondent Mary R. Kovack, recused herself, and the chief justice of this court assigned a visiting judge. Thereafter, acting in her capacity as the administrative judge of that court, Judge Kovack issued

orders assigning magistrates to the visiting judge for the purpose of presiding over the divorce at issue.

{¶ 2} Relator, Gabriella Moir, brought this action against Judge Kovack and Judge Carol J. Dezso of the Summit County Domestic Relations Court, the assigned visiting judge, as well as the two courts and one of the assigned magistrates. She asserts that Judge Kovack *and* Judge Dezso lack jurisdiction to assign magistrates and requests a writ of prohibition ordering them to cease assigning or referring anyone to hear the case except Judge Dezso herself.

{¶ 3} We grant a peremptory writ as to Judge Kovack only. Judge Kovack recused herself based on a potential conflict of interest. She is therefore without jurisdiction to assign magistrates in the case, even in her role as administrative judge of the court. However, Judge Dezso as the appointed judge may assign magistrates to help her hear the case, and therefore we deny the writ as to her.

**Facts**

{¶ 4} Gabriella Moir is the plaintiff in the underlying divorce case, *Denkewalter v. Denkewalter*, case No. 04 DR 0638 in the Medina County Domestic Relations Court. Respondent Kovack, the only judge in that court, recused herself from the case. Respondent Carol J. Dezso, a Summit County Domestic Relations Court judge, was assigned by the chief justice to hear the *Denkewalter* case. Respondent Stephan B. Collins is a magistrate in the Summit County Domestic Relations Court.

{¶ 5} In October 2007, Judge Kovack recused herself to avoid the appearance of impropriety. The reason for the recusal was that the defendant in the divorce case is an attorney who practices in the Medina County Domestic Relations Court. Judge Dezso was assigned by the chief justice on December 6 of that year.

{¶ 6} In July 2009, Judge Kovack issued an order assigning Deborah S. Matz, a magistrate of the Summit County Domestic Relations Court, to the case. Matz heard several motions and issued decisions on those motions. Then in January

2014, Judge Kovack assigned Collins—also a magistrate of the Summit County court—to hear the case. Magistrate Collins also heard several motions and issued decisions.

{¶ 7} Moir objected to Judge Dezso that Judge Kovack does not have the authority to assign or refer matters to magistrates and that only Judge Dezso has authority to preside over matters in that case. All motions to that effect, Moir asserts, have been dismissed or ignored.

{¶ 8} An appeal arising from the divorce case was pending in the Ninth District Court of Appeals when this case was filed. The court of appeals issued its opinion on August 10, 2015. *Denkewalter v. Denkewalter*, 9th Dist. Medina No. 13CA0082-M, 2015-Ohio-3171. While the opinion addressed whether the magistrates were properly appointed, it did not address Judge Kovack's actions. Instead, the court of appeals considered Moir's arguments regarding the assignment of magistrates by Judge Dezso herself and the signing of an order by a different, unassigned Summit County judge. First, the court of appeals held that because it was granting her the relief she requested by reversing the trial court's judgment on the motion at issue, Moir's argument about the unassigned judge signing the order was moot. *Id.* at ¶ 14. With respect to the participation of an improperly assigned magistrate, the court found that Moir had failed to object on this issue and had therefore forfeited that argument. *Id.* The court concluded that any actions taken by improperly appointed or unassigned judicial personnel are voidable, but not void as argued by Moir. *Id.* at ¶ 18. The cause was remanded to the domestic relations court for further proceedings.

{¶ 9} Moir requests a peremptory writ ordering respondents to cease efforts to assign or refer any person other than Judge Dezso to hear matters in *Denkewalter*.

{¶ 10} Judge Kovack filed a motion to dismiss, as did the Summit County respondents. Moir responded and moved to strike both motions on various grounds.

In addition, the defendant in the divorce case filed a motion for leave to intervene and file an amicus brief instanter.

{¶ 11} Both motions to dismiss were denied, and we ordered respondents to file answers within 21 days, which they did.

**Analysis:**

**Motion to strike**

{¶ 12} On December 15, 2014, Moir moved to strike the Summit County motion to dismiss on the basis that it was untimely filed. The motion to strike is now moot. This court denied the motions to dismiss on June 3, 2015. *State ex rel. Moir v. Kovack,* 142 Ohio St.3d 1474, 2015-Ohio-2104, 31 N.E.3d 653. Even if Moir's motion were not moot, it is without merit. Despite Moir's assertions, this court never ordered respondents to file a motion to dismiss and never set a filing deadline for such a motion. So the motions did not 'fail[] to follow [a] court order" as Moir contends. In an original action, a motion to dismiss in lieu of an answer must be filed within 21 days of the service of the complaint. S.Ct.Prac.R. 12.04(A). Both motions to dismiss in this case were timely filed under that rule.

{¶ 13} The motion to strike is denied.

**Motion for leave to intervene and file amicus brief**

{¶ 14} The defendant in the underlying divorce case has filed a motion to intervene and to file an amicus brief instanter. The proposed amicus brief mainly deals with factual details of the underlying case. Nevertheless, as the defendant below has a stake in who hears his case, we grant his motion to intervene as a respondent and accept his brief.

**Prohibition:**

{¶ 15} To be entitled to the requested writ of prohibition, Moir must establish that (1) the respondents are about to or have exercised judicial power, (2) the exercise of that power is unauthorized by law, and (3) denying the writ would result in injury for which no other adequate remedy exists in the ordinary course of

law. *State ex rel. Bell v. Pfeiffer*, 131 Ohio St.3d 114, 2012-Ohio-54, 961 N.E.2d 181, ¶ 18; *State ex rel. Miller v. Warren Cty. Bd. of Elections*, 130 Ohio St.3d 24, 2011-Ohio-4623, 955 N.E.2d 379, ¶ 12. If the lack of jurisdiction is "patent and unambiguous," Moir need not show the absence of an adequate remedy at law. *Chesapeake Exploration, L.L.C. v. Oil & Gas Comm.*, 135 Ohio St.3d 204, 2013-Ohio-224, 985 N.E.2d 480, ¶ 11.

{¶ 16} Here, the acts complained of are the assignments by Judge Kovack of Magistrates Collins and Matz to the *Denkewalter* case, and the subsequent and potential future acts of anyone other than Judge Dezso in presiding over and deciding various motions in the case. In fact, Moir seeks to prohibit not only Judge Kovack from assigning a magistrate to hear her case, but also to bar even Judge Dezso from doing so. Moir argues that only Judge Dezso herself can act in any way in her divorce case.

{¶ 17} A judge's act of assigning magistrates and the magistrates' actions in deciding motions are undoubtedly acts of judicial power. Moir's request for relief is directed solely to the potential future acts of assignment or referral. The question therefore is limited to whether such future acts by Judge Kovack or Judge Dezso would be lawful and whether Moir has an adequate remedy in the ordinary course of the law. And if either judge "patently and unambiguously" lacks jurisdiction to assign or refer, the availability of an adequate remedy is irrelevant.

{¶ 18} Judge Kovack and Judge Dezso both argue that Moir has an adequate remedy at law by way of appeal and that an appeal was in fact pending in the Ninth District.

{¶ 19} This argument has merit. Moir has alternate remedies at law by way of appeal, and indeed, the question of the legitimacy of actions by an improperly assigned magistrate was considered by the Ninth District Court of Appeals. Because she has a remedy by way of appeal, Moir may obtain a writ against both

judges only if she demonstrates that their jurisdiction to assign magistrates in the underlying divorce case is patently and unambiguously lacking.

{¶ 20} As discussed above, the Ninth District ultimately rejected Moir's arguments. As to the validity of the judgment rendered by the magistrate, the Ninth District held that any possible errors in the assignment of judicial personnel would render the judgment voidable, not void.

{¶ 21} Whether the actions by a magistrate appointed by either Judge Dezso or by Judge Kovack after her recusal were void or voidable and whether Moir waived her objections are not issues before this court in this case. Moir is not asking the court to correct those past actions. She is asking for a peremptory writ "ordering Respondents * * * to cease efforts [to] assign or refer any jurist other than the Judge assigned by the Chief Justice" and "to prevent * * * Dezso * * * from referring any matters * * * to any other jurists but herself." Thus, Moir is seeking *future* relief from *future* assignments or referrals by anyone—or to anyone—other than Judge Dezso.

{¶ 22} Judge Kovack asserts in her answer that as administrative judge of the domestic relations court, she has authority to issue ministerial and administrative orders, including those complained of by Moir. She claims that such orders have no bearing on the merits of the case and are unaffected by her recusal. She further claims that she is not about to act in any manner not authorized by law, which, given her stated belief that she has some authority to act in the case, does not equate to a commitment not to act.

{¶ 23} If she acts to assign a magistrate for Judge Dezso, Judge Kovack would indeed be "exercis[ing] control over the administration, docket, and calendar of" the domestic relations division for which she is responsible. Sup.R. 4.01(A). Civ.R. 53(A) permits a court of record to appoint one or more magistrates to exercise various adjudicatory functions. Judge Kovack was acting as

administrative judge when assigning magistrates for Judge Dezso and not as the judge presiding over the merits of the *Denkewalter* case.

{¶ 24} However, Judge Kovack recused herself specifically because she wished to avoid the appearance of impropriety, which might arise due to the fact that one of the parties is an attorney who practices in her court.

{¶ 25} Therefore, Judge Kovack lacks jurisdiction to assign a magistrate to the underlying case, and her lack of jurisdiction is patent and unambiguous. The chief justice assigned Judge Dezso of the Summit County Domestic Relations Court to avoid any appearance of impropriety, and Judge Dezso has exclusive jurisdiction to hear the case.

{¶ 26} Because Judge Kovack lacks jurisdiction to act, we issue a peremptory writ of prohibition as to her only, ordering her to refrain from taking any action in *Denkewalter,* including administrative actions.

{¶ 27} But no writ will issue against Judge Dezso or the other respondents. If Judge Dezso wishes to appoint a magistrate to assist her in the *Denkewalter* case, she has authority to do so under Civ.R. 53(A). As to the remaining respondents, they do not claim any intention to act or indeed any authority to act. They were improperly named as respondents and the complaint is dismissed as to them. *See State ex rel. Johnson v. Jensen,* 140 Ohio St.3d 65, 2014-Ohio-3159, 14 N.E.3d 1039.

**Conclusion**

{¶ 28} Judge Kovack patently and unambiguously lacks jurisdiction to act in *Denkewalter v. Denkewalter,* Medina County Domestic Relations Court No. 04 DR 0638, including the appointment of magistrates. Therefore, her prior appointment of magistrates in that case is vacated, and we issue a writ of prohibition ordering her to refrain from such appointments or from any other action in that case.

Writ granted in part<br>and denied in part.

O'CONNOR, C.J., and PFEIFER, LANZINGER, and O'NEILL, JJ., concur.

O'DONNELL, KENNEDY, and FRENCH, JJ., concur in judgment only.

_____

The Lukacs Law Firm, L.L.C., and Cheryl A. Lukacs, for relator.

Sherri Bevan Walsh, Summit County Prosecuting Attorney, and John F. Galonski, Assistant Prosecuting Attorney, for Summit County respondents.

Dean Holman, Medina County Prosecuting Attorney, and Tom J. Karris, Assistant Prosecuting Attorney, for Medina County respondents.

_____