[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Durrani v. Ruehlman,* Slip Opinion No. 2016-Ohio-7740.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-7740

THE STATE EX REL. DURRANI, APPELLANT, *v.* RUEHLMAN, JUDGE, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Durrani v. Ruehlman,* Slip Opinion No. 2016-Ohio-7740.]

*Mandamus—Prohibition—Appellants lack adequate remedy in ordinary course of law and have clear legal right to have each underlying case returned to judge to whom it was originally assigned, and appellee patently and unambiguously lacked authority to order consolidation of underlying cases—Appellee ordered to permanently transfer each case not originally assigned to him back to judge to whom it was originally assigned and ordered to refrain from taking any action except transfer in cases not originally assigned to him—Court of appeals' judgment denying writs reversed.*

(No. 2015-2080—Submitted August 16, 2016—Decided November 15, 2016.)

APPEAL from the Court of Appeals for Hamilton County, No. C-1500547.

_____

**Per Curiam.**

{¶ 1} We reverse the First District Court of Appeals' judgment denying the writs of mandamus and prohibition requested by appellants, the defendants in a multitude of underlying medical-malpractice cases. Appellants seek to require appellee, Judge Robert P. Ruehlman of the Court of Common Pleas of Hamilton County, to transfer the underlying cases back to the judges to whom they were originally assigned and to enjoin him from entering orders in the cases not originally assigned to him.

{¶ 2} Appeal in this case is not an adequate remedy in the ordinary course of the law. And Judge Ruehlman patently and unambiguously lacked jurisdiction to order the consolidation of the underlying cases. Therefore, appellants are entitled to a writ of mandamus ordering Judge Ruehlman to return the cases to the judges to whom they were originally assigned and to a writ of prohibition ordering him to refrain from any other action, except transfer, in the cases not originally assigned to him. We therefore reverse the judgment of the court of appeals and issue the requested writs.

*Facts*

{¶ 3} Appellants are Abubakar Atiq Durrani, M.D.; Center for Advanced Spine Technologies; The Christ Hospital; Cincinnati Children's Hospital Medical Center; Journey Lite of Cincinnati, L.L.C.; Riverview Health Institute, L.L.C.; TriHealth, Inc., formerly d/b/a Good Samaritan Hospital; UC Health; and West Chester Hospital, L.L.C. The plaintiffs in the underlying cases are over 50 of Dr. Durrani's former patients. The cases were assigned randomly, as they were filed; each of the court's 12 judges was assigned at least one Durrani case. Judge Ruehlman was one of the 12 judges to whom the cases were originally assigned.

{¶ 4} On January 13, 2015, the plaintiffs in the Durrani cases filed with then Administrative Judge Robert C. Winkler a "Motion to Transfer and Consolidate Dr. Durrani Cases to the Docket of Judge Robert Ruehlman." On January 23, 2015,

several of the appellants filed with the administrative judge briefs opposing the plaintiffs' motion, arguing that consolidation was not appropriate under Civ.R. 42.

{¶ 5} On January 29, 2015, Judge Ruehlman signed and entered the proposed consolidation order that the plaintiffs had submitted with their motion. Judge Ruehlman did not hold a hearing before stamping and signing the entry in the upper-right corner. A signature line at the bottom for Judge Winkler was left blank.

{¶ 6} Appellants allege that the court dockets were not immediately changed despite the entry and that the plaintiffs began filing motions addressed to Judge Ruehlman rather than to the judge to whom each individual case had originally been assigned. Appellants further allege that the other judges of the court were not informed of the consolidation. In June 2015, Judge Ruehlman sua sponte began signing entries of reassignment transferring the cases to his docket. He also ordered that refiled and newly filed Durrani cases be assigned automatically to him.

{¶ 7} Appellants opposed the reassignments by filing a motion to vacate Judge Ruehlman's entry consolidating the cases. Appellants also appealed the entry, but the First District Court of Appeals dismissed their appeal on the ground that the entry was not final and appealable. This court denied review.

{¶ 8} Appellants ultimately filed in the court of appeals a complaint for extraordinary relief. They sought a writ of prohibition ordering Judge Ruehlman not to make any decision or enter any order in the cases transferred to his docket under his consolidation order. Appellants also sought a writ of mandamus requiring Judge Ruehlman to order that the cases transferred to his docket under the consolidation order be sent back to the judges to whom the cases were originally assigned.

{¶ 9} Judge Ruehlman filed a motion to dismiss appellants' complaint, to which appellants filed a memorandum in opposition. The First District Court of

Appeals issued an entry granting Judge Ruehlman's motion to dismiss the complaint.

{¶ 10} Appellants filed a motion requesting reconsideration of the entry dismissing their complaint. The motion indicated that Judge Ruehlman was continuing to enter orders reassigning malpractice cases involving appellants and had held a conference in 170 of the Durrani cases on December 14, 2015. Appellants' motion also raised various objections to actions taken by Judge Ruehlman in these cases. Judge Ruehlman filed a response in opposition to the motion for reconsideration.

{¶ 11} On December 28, 2015, appellants appealed to this court the court of appeals' dismissal of their complaint. The court of appeals overruled the motion for reconsideration on February 3, 2016.

*Analysis*

**Mandamus**

{¶ 12} To be entitled to extraordinary relief in mandamus, appellants must establish a clear legal right to the requested relief, a clear legal duty on the part of Judge Ruehlman to provide it, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6.

**Prohibition**

{¶ 13} To be entitled to the requested writ of prohibition, appellants must establish that (1) Judge Ruehlman exercised or is about to exercise judicial power, (2) the exercise of that power is unauthorized by law, and (3) denying the writ would result in injury for which no other adequate remedy exists in the ordinary course of law. *State ex rel. Bell v. Pfeiffer*, 131 Ohio St.3d 114, 2012-Ohio-54, 961 N.E.2d 181, ¶ 18; *State ex rel. Miller v. Warren Cty. Bd. of Elections*, 130 Ohio St.3d 24, 2011-Ohio-4623, 955 N.E.2d 379, ¶ 12. The last requirement is waived if the lack of jurisdiction is patent and unambiguous. *Chesapeake Exploration,*

*L.L.C. v. Oil & Gas Comm.*, 135 Ohio St.3d 204, 2013-Ohio-224, 985 N.E.2d 480, ¶ 11.

**Adequate remedy**

{¶ 14} Appellants allege that they have no adequate remedy at law because the court of appeals dismissed their appeal of the order consolidating the Durrani cases for lack of a final, appealable order.

{¶ 15} In general, appeal is a remedy sufficient to preclude a writ of mandamus or prohibition. *State ex rel. Caskey v. Gano*, 135 Ohio St.3d 175, 2013-Ohio-71, 985 N.E.2d 453, ¶ 2. Appellants may appeal Judge Ruehlman's reassignment entries following the issuance of a final judgment. *See, e.g.*, *Brickman & Sons, Inc. v. Natl. City Bank*, 106 Ohio St.3d 30, 2005-Ohio-3559, 830 N.E.2d 1151, ¶ 9-10 (reassignment of case successfully challenged on appeal).

{¶ 16} However, to be an adequate remedy at law, the remedy must be "complete, beneficial, and speedy." *State ex rel. Ullmann v. Hayes*, 103 Ohio St.3d 405, 2004-Ohio-5469, 816 N.E.2d 245, ¶ 8. In this case, each appellant would have to appeal his or its case once it is completely litigated. Such piecemeal appeals have the potential for inconsistent results and thus are not complete and do not provide appellants an adequate remedy at law.

**Patent and unambiguous lack of jurisdiction**

{¶ 17} Judge Ruehlman was patently and unambiguously without jurisdiction to take the actions he did, and appellants therefore have a clear legal right to a writ ordering the return of the cases to the judges to whom they were originally assigned as well as a writ ordering Judge Ruehlman to refrain from taking any further action, except transfer, in the cases not originally assigned to him.

{¶ 18} Appellants claim that Judge Ruehlman's entries reassigning and consolidating the Durrani cases are judicial acts undertaken without jurisdiction. Appellants argue that consolidation was improper under Civ.R. 42(A) and Hamilton County's Common Pleas Local Rule 7(G). Noting that Local Rule 7(G)

required that the plaintiffs' motion to consolidate be heard by the judge with the lowest numbered Durrani case, appellants allege that Judge Ruehlman was not the judge with lowest numbered case.

**{¶ 19}** Here, Judge Ruehlman, as a judge of a court of common pleas, has the general jurisdiction to preside over a medical-malpractice case. R.C. 2305.01 ("the court of common pleas has original jurisdiction in all civil cases in which the sum or matter in dispute exceeds the exclusive original jurisdiction of county courts"). Appellants do not disagree. The question therefore is whether Judge Ruehlman had jurisdiction to consolidate and reassign the Durrani cases.

**{¶ 20}** "A judge's act of assigning magistrates and the magistrates' actions in deciding motions are undoubtedly acts of judicial power." *State ex rel. Moir v. Kovack*, 145 Ohio St.3d 175, 2016-Ohio-158, 47 N.E.3d 831, ¶ 17. Similarly, Judge Ruehlman's acts of consolidating cases originally assigned to other judges and reassigning them to himself are undoubtedly acts of judicial power.

**{¶ 21}** For at least three reasons, Judge Ruehlman lacked the judicial power to consolidate and reassign the Durrani cases to himself as he did here. First, in general, the administrative judge exercises control over the docket of a court. Sup.R. 4.01(A) ("An administrative judge of a court or a division of a court shall * * * [b]e responsible for and exercise control over the administration, docket, and calendar of the court or division"). The consolidation of a large number of cases— removing them from the judges to whom they had been assigned and assigning them to another judge of the court—is an exercise of control over the docket of the court. In this case, the motion to consolidate was made to the administrative judge—at that time, Judge Robert C. Winkler. Judge Ruehlman nevertheless ignored Judge Winkler's signature line and signed the consolidation entry himself.

Judge Ruehlman lacked the authority of the administrative judge to control the docket.[1]

{¶ 22} Second, a local rule controls consolidation of cases in Hamilton County. That rule states: "Consolidation and separate trials: Civil Rule 42 governs consolidation and separate trials. Unless otherwise agreed by the judges involved, motions to consolidate shall be heard by the judge to whom the lowest numbered case is assigned and, if granted, all cases shall then go to that judge." Hamilton County Courts, Common Pleas Local Rule 7(G). Judge Ruehlman does not dispute that he did not have the lowest numbered case, and there is no indication that the other judges to whom the Durrani cases had been assigned agreed to deviate from Local Rule 7(G)'s assignment procedure. Judge Ruehlman therefore did not have the authority under the local rule to consolidate the Durrani cases.

{¶ 23} Judge Ruehlman argues that local rules of court pertain to procedure and do not establish or change a court's jurisdiction. This argument is correct as far as it goes. *See Cole v. Cent. Ohio Transit Auth.*, 20 Ohio App.3d 312, 486 N.E.2d 140 (10th Dist.1984), paragraph one of the syllabus; *Martin v. Lesko*, 133 Ohio App.3d 752, 757, 729 N.E.2d 839 (2d Dist.1999); *Woodard v. Colaluca*, 8th Dist. Cuyahoga No. 101327, 2014-Ohio-3824, ¶ 7; *Palmer-Donavin v. Hanna*, 10th Dist. Franklin No. 06AP-699, 2007-Ohio-2242, ¶ 13.

{¶ 24} But this case is not about the jurisdiction of the trial court, or even of Judge Ruehlman, to hear the underlying tort cases. Rather, it is about Judge Ruehlman's authority to consolidate the Durrani cases and remove them from the judges to whom they had been assigned even though he was not at the time the court's administrative judge or the judge with the lowest case number as required by Local Rule 7(G).

---

[1] Judge Ruehlman is now the administrative judge of the Hamilton County Court of Common Pleas, General Division. However, he lacked the power of that office at the time that he made the consolidation and reassignments at issue here.

**{¶ 25}** Third, at the time in question, Civ.R. 42(A) allowed consolidation only after a hearing:[2]

**(A) Consolidation.**

**(1)** *Generally.* When actions involving a common question of law or fact are pending before a court, that court after a hearing may order a joint hearing or trial of any or all the matters in issue in the actions; it may order some or all of the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Judge Ruehlman conducted no hearing before signing the entry consolidating the Durrani cases. Therefore, he lacked authority to consolidate the cases under Civ.R. 42 as well as Local Rule 7(G) and Sup.R. 4.01(A).

**{¶ 26}** In short, Judge Ruehlman patently and unambiguously lacked the authority under the Rules of Superintendence of the Courts, the Civil Rules, and the Hamilton County Local Rules to transfer the Durrani cases to himself from the other judges to whom the cases had originally been assigned or to consolidate the Durrani cases for purposes of trial.

*Conclusion*

**{¶ 27}** Appellants lack an adequate remedy in the ordinary course of the law and have a clear legal right to have each underlying case returned to the judge to whom the case was originally assigned. We therefore reverse the court of appeals' denial of the requested writ of mandamus, issue a writ of mandamus, and order Judge Ruehlman to permanently return each case not originally assigned to him to the judge to whom it was originally assigned.

---

[2] Civ.R. 42 was amended effective July 1, 2015, and no longer explicitly requires a hearing.

**{¶ 28}** And because Judge Ruehlman patently and unambiguously lacked the authority to order the consolidation of the underlying malpractice cases, we reverse the court of appeals' denial of the requested writ of prohibition, vacate Judge Ruehlman's order consolidating the cases, and issue a writ of prohibition ordering him to refrain from taking any further action in the cases not originally assigned to him except for returning each one to the originally assigned judge.

**{¶ 29}** We also deny the motion for immediate stay as moot.

Judgment reversed

and motion denied.

O'CONNOR, C.J., and O'DONNELL, LANZINGER, KENNEDY, and O'NEILL, JJ., concur.

FRENCH, J., concurs in judgment only.

PFEIFER, J., dissents and would affirm the judgment of the court of appeals.

_____

Bonezzi, Switzer, Polito & Hupp Co., L.P.A., Paul W. McCartney, and Jason Paskan, for appellant Abubakar Atiq Durrani, M.D.

Lindhorst & Dreidame Co., L.P.A., Michael F. Lyon, and James Brockman, for appellants Abubakar Atiq Durrani, M.D., and Center for Advanced Spine Technologies, Inc.

Dinsmore & Shohl, L.L.P., J. David Brittingham, Allison G. Knerr, and Michael Gray, for appellant Cincinnati Children's Hospital Medical Center.

Porter, Wright, Morris & Arthur, L.L.P., Carolyn A. Taggart, and Ana E. Crawford, for appellant Journey Lite of Cincinnati, L.L.C.

Rendigs, Fry, Kiely & Dennis, L.L.P., Donald C. Adams, Thomas M. Evans, and Michael P. Foley, for appellant TriHealth, Inc., formerly d/b/a Good Samaritan Hospital.

Frost Brown Todd, L.L.C., Walter E. Haggerty, Bill J. Paliobeis, and Austin W. Musser, for appellants West Chester Hospital, L.L.C., and UC Health.

Calderhead, Lockemeyer & Peschke, David S. Lockemeyer, and Joshua F. DeBra, for appellant Riverview Health Institute, L.L.C.

Dinsmore & Shohl, L.L.P., Jennifer Orr Mitchell, Jessica L. Worth, and Jenna Moran, for appellant The Christ Hospital.

Karl H. Schneider and Mark R. Meterko, for appellee.

_____