DeWine, J., dissenting.
{¶ 37} No proposition is more fundamental to our writ jurisprudence than this one: an extraordinary writ will not lie when there is an adequate remedy at law. The only exception is that we will issue a writ of prohibition regardless of the existence of an adequate remedy at law when a court patently and unambiguously lacks jurisdiction. It is a set of rules that we have cited over and over again and that we apply in case after case. See, e.g. , State ex rel. Adams v. Gusweiler , 30 Ohio St.2d 326, 329, 285 N.E.2d 22 (1972) ; State ex rel. Lewis v. Moser , 72 Ohio St.3d 25, 28, 647 N.E.2d 155 (1995) ; State ex rel. Durrani v. Ruehlman , 147 Ohio St.3d 478, 2016-Ohio-7740, 67 N.E.3d 769, ¶ 13, 17.
{¶ 38} The majority concludes that "Judge Winkler does not patently and obviously lack jurisdiction over the ABC action" and that "[t]he creditors have an adequate remedy at law by way of appeal from any order Judge Winkler may issue * * *." Majority opinion at ¶ 20. By our rules, that should end the matter. Yet today, the majority decides that for this case, it will apply different rules. That's too much for me to swallow, so I dissent.
*108 {¶ 39} A writ of prohibition "prevents an inferior court from exceeding its jurisdiction." State ex rel. Corn v. Russo , 90 Ohio St.3d 551, 554, 740 N.E.2d 265 (2001).
*936 It has long been recognized that a writ of prohibition is " 'to be used with great caution and forbearance for the furtherance of justice, and for securing order and regularity in all the tribunals where there is no other regular and ordinary remedy.' " State ex rel. Nolan v. ClenDening , 93 Ohio St. 264, 270, 112 N.E. 1029 (1915), quoting 32 Cyc. 598. The writ is "issued only in cases of necessity arising from the inadequacy of other remedies." State ex rel. Henry v. Britt , 67 Ohio St.2d 71, 73, 424 N.E.2d 297 (1981).
{¶ 40} Blowing past these restraints, the majority justifies its expansion of the writ of prohibition by citing two cases from the 1980s. In those cases, this court-with no discussion about whether the lower court had exceeded its jurisdiction or whether the relators had an adequate remedy at law-extended the writ of prohibition to stop what it saw as the vexatious conduct of litigants. Commercial Savs. Bank v. Wyandot Cty. Court of Common Pleas , 35 Ohio St.3d 192, 519 N.E.2d 647 (1988) ; State ex rel. Stark v. Summit Cty. Court of Common Pleas , 31 Ohio St.3d 324, 511 N.E.2d 115 (1987). Both cases involve facts far different from those at issue here. In the 30 years since their release, we have never relied upon them to issue a writ in a case like this one, in which a party had an adequate remedy by way of appeal and the court did not lack jurisdiction.
{¶ 41} This court is understandably frustrated with Stanley Chesley's actions in evading payment to his former clients. But it is far from clear that the radical action taken by this court today does anything to help these creditors. The primary obstacle to their collection efforts has been Chesley's 2013 transfer of his beneficial interest in his former law firm, Waite, Schneider, Bayless & Chesley Co., L.P.A. ("WSBC"), to his friend, Thomas Rehme. A fraudulent-transfer action that seeks to recover the assets transferred to Rehme is pending in federal court. The district court has found that the former clients have a likelihood of success on the merits. McGirr v. Rehme , S.D.Ohio No. 1:16-cv-464, 2017 WL 1426456, *5 (Apr. 21, 2017). And significantly, for our purposes, the court has issued an injunction that prevents Rehme, WSBC, Chesley, and their agents and assignees from "assign [ing], disburs[ing], distribut[ing], transfer[ring] or tak[ing] any action related to any asset of WSBC, including money, outside of basic office expenses; [and] negotiat[ing] or enter[ing] into any agreements pertaining to income due WSBC and/or Chesley." Id . Thus, by federal-court order, Eric Goering, the assignee of WSBC's assets in the Hamilton County probate-court proceedings, is barred from taking any action that would dissipate the assets available to creditors while the fraudulent-transfer action is pending. Id . at *1, 5.
{¶ 42} All of this makes it particularly troubling that this court would bend its rules so far to issue a writ in this case today. Quite simply, this court's action accomplishes little.
*109 {¶ 43} At the end of the day, what we have here is a court, frustrated by a litigant who won't play by the rules, choosing to respond by ignoring its own rules. Such a response hardly furthers the rule of law.
{¶ 44} Because I believe that consistent with our longstanding principles, the extraordinary writ of prohibition should be reserved for those times when there is no remedy available at law or a court has patently and unambiguously exceeded its jurisdiction, I respectfully dissent.
Kennedy and French, JJ., concur in the foregoing opinion.