[Cite as *State ex rel. Heyside v. Calabrese*, 2022-Ohio-1245.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE EX REL., NEIL HEYSIDE,    :

    Relator,    :

                          :          No. 111200

    v.    :

THE HONORABLE JUDGE DEENA R.    :
CALABRESE,

    Respondent.    :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** WRIT DISMISSED
**DATED:** April 8, 2022

---

Writ of Prohibition
Motion No. 552584
Order No. 553465

---

### *Appearances:*

Lester S. Potash, *for relator*.

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Nora E. Poore, Assistant Prosecuting Attorney, *for respondent*.

EMANUELLA D. GROVES, J.:

{¶ 1} Relator, Neil Heyside ("Heyside"), seeks a writ of prohibition preventing respondent, Judge Deena R. Calabrese, from exercising jurisdiction in *Heyside v. Heyside*, Cuyahoga C.P. No. CV-21-954944. We grant respondent's

motion to dismiss and dismiss the complaint for writ of prohibition for the following reasons.

## I. Background

{¶ 2} On January 12, 2022, relator filed a complaint for writ of prohibition alleging that he and nonparty Erica Heyside ("Erica") were previously married. In 2016, they litigated to conclusion a divorce proceeding in the Domestic Relations Division of the Cuyahoga County Common Pleas Court. As part of those proceedings, Heyside and Erica entered into a separation agreement that was incorporated into a final decree of divorce.[1] The separation agreement called for various payments to be made to Erica by Heyside. According to the instant complaint, on October 27, 2021, Erica instituted a breach-of-contract action that sought monetary damages from Heyside totaling $486,679.06. Erica's complaint in the underlying action, which is attached to relator's complaint in the present action, points to the separation agreement and divorce decree as the source of her breach-of-contract claim. Erica's complaint also referenced an additional agreement for payments of $5,000 per month commencing in September 2019, which Heyside allegedly breached as well. Heyside filed a motion to dismiss the underlying action, which respondent denied. After that, Heyside filed the instant action seeking to preclude respondent from hearing Erica's claims.

---

[1] Only partial copies of the divorce decree and separation agreement are in the record before this court.

{¶ 3} In his complaint, Heyside asserted that an action for breach of the separation agreement must be brought in the appropriate domestic relations court, pointing to R.C. 3105.10(B)(3) and the holding in paragraph four of the syllabus of *Wolfe v. Wolfe*, 46 Ohio St.2d 399, 350 N.E.2d 413 (1976). This holding provides that a separation agreement "loses its nature as a contract the moment it is adopted by the court and incorporated into a decree of divorce. (*Law v. Law*, 64 Ohio St. 369, 60 N.E. 560 (1901); *Newman v. Newman*, 161 Ohio St. 247, 118 N.E.2d 649 (1954), and *Mozden v. Mozden*, 162 Ohio St. 169, 122 N.E.2d 295 (1954), modified)."

{¶ 4} On February 15, 2022, respondent timely filed a motion to dismiss the complaint pursuant to Civ.R. 12(B)(6). Respondent argued that prohibition was inappropriate for several reasons. First, she argued that, as a common pleas court judge, she does not patently and unambiguously lack jurisdiction over an action for breach of contract. She further argued that the domestic relations case was litigated to its conclusion, meaning that court no longer had exclusive jurisdiction. Next, respondent argued that the holding is *Wolfe* was abrogated as recognized by the Supreme Court of Ohio in *Morris v. Morris*, 148 Ohio St.3d 138, 2016-Ohio-5002, 69 N.E.2d 664, ¶ 23-27. Finally, she asserted that R.C. 3105.10(B)(3) did not apply to Erica's claims asserted in the breach-of-contract action.

{¶ 5} On February 17, 2022, relator filed a brief in opposition arguing that *Morris* did not overrule paragraph four of *Wolfe*, which is still valid law in Ohio. He also argued that sole and exclusive jurisdiction to enforce a divorce decree rests with the domestic relations court pursuant to statute.

**{¶ 6}** Respondent filed a reply brief in support of her motion to dismiss on February 24, 2022.

## II. Law and Analysis

### Standards Applicable to This Action

**{¶ 7}** The case is before this court on respondent's motion to dismiss pursuant to Civ.R. 12(B)(6) — failure to state a claim upon which relief can be granted. "Dismissal under Civ.R. 12(B)(6) is appropriate when it appears beyond doubt, after presuming the truth of all material factual allegations in the complaint and making all reasonable inferences in the relators' favor, that relators are not entitled to extraordinary relief in prohibition." *State ex rel. Bohlen v. Halliday*, 164 Ohio St.3d 121, 2021-Ohio-194, 172 N.E.3d 114, ¶ 12, citing *State ex rel. Zander v. Judge of Summit Cty. Common Pleas Court*, 156 Ohio St.3d 466, 2019-Ohio-1704, 129 N.E.3d 401, ¶ 4.

**{¶ 8}** "[W]ith few exceptions, 'a writ of prohibition "tests and determines 'solely and only' the subject[-]matter jurisdiction" of the lower court.'" *State ex rel. Thomas v. McGinty*, 164 Ohio St.3d 167, 2020-Ohio-5452, 172 N.E.3d 824, ¶ 26, quoting *State ex rel. Tubbs Jones v. Suster*, 84 Ohio St.3d 70, 73, 701 N.E.2d 1002 (1998), quoting *State ex rel. Eaton Corp. v. Lancaster*, 40 Ohio St.3d 404, 409, 534 N.E.2d 46 (1988), quoting *State ex rel. Staton v. Franklin Cty. Common Pleas Court*, 5 Ohio St.2d 17, 21, 213 N.E.2d 164 (1965). A writ of prohibition will only issue when a relator shows, by clear and convincing evidence, that (1) the respondent "is about to exercise or has exercised judicial power, (2) the exercise of that power is

unauthorized by law, and (3) denying the writ would result in injury for which no other adequate remedy exists in the ordinary course of the law." *State ex rel. Novak, L.L.P. v. Ambrose*, 156 Ohio St.3d 425, 2019-Ohio-1329, 128 N.E.3d 209, ¶ 9, citing *State ex rel. Elder v. Camplese*, 144 Ohio St.3d 89, 2015-Ohio-3628, 40 N.E.3d 1138, ¶ 13. However, where a court patently and unambiguously lacks jurisdiction, a writ will issue regardless of whether an adequate remedy at law exists. *State ex rel. Bohlen* at ¶ 13, citing *State ex rel. Bates v. Court of Appeals for Sixth Appellate Dist.*, 130 Ohio St.3d 326, 2011-Ohio-5456, 958 N.E.2d 162, ¶ 12. A writ will not issue in a doubtful case because a writ is an extraordinary remedy granted with great caution. *Ohio High School Athletic Assn. v. Ruehlman*, 157 Ohio St.3d 296, 2019-Ohio-2845, 136 N.E.3d 436, ¶ 6, quoting *State ex rel. Corn v. Russo*, 90 Ohio St.3d 551, 554, 740 N.E.2d 265 (2001).

{¶ 9} Judges of the Domestic Relations Division of the Cuyahoga County Common Pleas Court have "all the powers relating to all divorce, dissolution of marriage, legal separation, and annulment cases, except in cases that are assigned to some other judge of the court of common pleas for some special reason." R.C. 2301.03(L)(1). However, the general division of a common pleas court usually has subject-matter jurisdiction over matters of breach of contract so long as the claims meet the jurisdictional minimums set forth in R.C. 2305.01. Further, the jurisdictional priority rule is not implicated in this case because both parties agree that the domestic relations case has concluded.

{¶ 10} Heyside argues that the separation agreement is no longer enforceable as a contract and R.C. 3105.10(B) bestows exclusive jurisdiction on a domestic relations court, where one exists in the relevant jurisdiction, to hear and determine the claims raised in the underlying action. Cuyahoga County has a domestic relations court. R.C. 2301.03(L). Heyside asserts, that consequently, respondent patently and unambiguously lacks jurisdiction.

**Patent and Unambiguous Lack of Jurisdiction**

{¶ 11} Relying on paragraph four of the syllabus in *Wolfe*, 46 Ohio St.2d 399, 350 N.E.2d 413 (1976), Heyside argues the separation agreement lost its nature as a contract when it was incorporated into the divorce decree. Heyside relies exclusively on this case for this point. Respondent argues that *Wolfe* has been overruled by statute as recognized in *Morris*, 148 Ohio St.3d 138, 2016-Ohio-5002, 69 N.E.2d 664, ¶ 28 ("the General Assembly swept away all the common law enunciated in *Wolfe*"). The *Morris* Court specifically mentioned two of the three cases that were modified by paragraph four of *Wolfe* as felled by the General Assembly's actions in enacting statutes that abrogated the holdings in *Wolfe*. *Morris* at ¶ 28. In fact, Heyside acknowledges at page five of his brief in opposition to respondent's motion to dismiss that "other courts, including [the Eighth District Court of Appeals], have held that a separation agreement retains its contract nature following its incorporation into the divorce decree." Heyside objects to these holdings by various courts by arguing that paragraph four of *Wolfe* precludes them.

{¶ 12} However, this argument does not demonstrate that a court patently and unambiguously lacks jurisdiction to hear an action. The nonexistence of a contract is a defense to a breach-of-contract action; it usually does not affect the general subject-matter jurisdiction of a court. The argument that the separation agreement is unenforceable as a contract after incorporation into a divorce decree is a reason to deny the claim in the underlying action. Heyside is essentially asking for immediate appellate review of respondent's denial of his motion to dismiss in the underlying action — something prohibition generally precludes. *See State ex rel. Gross v. Marshall*, 39 Ohio St.2d 92, 314 N.E.2d 170 (1974), syllabus.

{¶ 13} Further, Erica's complaint in the underlying case references an agreement other than the separation agreement whereby Heyside agreed to make certain payments at set intervals, which Heyside is also alleged to have breached. This claim must be considered when determining whether respondent patently and unambiguously lacks jurisdiction. "If a court has jurisdiction of the subject-matter involved in litigation, a writ of prohibition will not issue to prohibit it from exercising such jurisdiction. Issuance of this writ is dependent upon the issue of whether it appears that the court in which an action is sought to be prohibited has no jurisdiction of the matter under adjudication." *State ex rel. Dayton Power & Light Co. v. Riley*, 53 Ohio St.2d 168, 169, 373 N.E.2d 385 (1978), citing *State ex rel. Carmody v. Justice*, 114 Ohio St. 94, 150 N.E. 430 (1926).

{¶ 14} Other courts interpreting various claims related to this area of law have essentially determined that courts have jurisdiction to determine their own jurisdiction.

{¶ 15} The Ninth District Court of Appeals found that remedies might exist in either the domestic relations court or the general division of the common pleas court when confronted with a similar request for writ of prohibition to the one presently before us. *State ex rel. Gray v. Kimbler*, 9th Dist. Medina No. 20CA0077-M, 2021-Ohio-2868. In *Gray*, a husband and wife were granted a divorce into which a separation agreement was incorporated. *Id*. at ¶ 6. The wife passed away and the husband filed a claim in the probate court for alleged violations of the separation agreement. *Id*. at ¶ 7. The husband also filed an action in the common pleas court. *Id*. The executor of the wife's estate filed counterclaims in the common pleas court action alleging breach of the separation agreement related to the division of property. *Id*. at ¶ 8. The husband then sought a writ of prohibition, arguing that the common pleas court judge lacked jurisdiction over the counterclaims because the domestic relations court was the exclusive forum to adjudicate those claims. *Id*. at ¶ 9. In denying a writ of prohibition, the *Gray* Court addressed the same holding in *Wolfe* that Heyside points to, stating:

> [Relator] relies on the Ohio Supreme Court's conclusion that "[a] separation agreement of the parties loses its nature as a contract the moment it is adopted by the court and incorporated into a decree of divorce." *Wolfe*, 46 Ohio St.2d 399, 350 N.E.2d 413 (1976), [at] paragraph four of the syllabus.

But that is not the end of the inquiry. This court has held that "[i]t has long been the rule in Ohio that if the parties voluntarily enter into a separation agreement, the agreement becomes a valid and binding contract between the parties." *Haas v. Bauer*, 156 Ohio App.3d 26, 2004-Ohio-437, 804 N.E.2d 80, ¶ 19 (9th Dist.), quoting *Russell v. Russell*, 5th Dist. Stark No. 98-CA-0127, 1999 Ohio App. LEXIS 2689 (June 7, 1999), citing *Tullis v. Tullis*, 138 Ohio St. 187, 34 N.E.2d 212 (1941). The Seventh District Court of Appeals recognized earlier this year that there may be two remedies: contempt in domestic relations court and breach of contract in the trial court. *Rossi v. Rossi*, 7th Dist. Mahoning No. 20 MA 0086, 2021-Ohio-2348, ¶ 27. Likewise, the Third District Court of Appeals has recognized that a "separation agreement is a contractual agreement." *Johnson v. Johnson*, 3d Dist. Hancock No. 5-07-34, 2008-Ohio-514, ¶ 12. In another case, the Fifth District, and the trial court, were apparently not persuaded by appellants' argument that no breach of contract action could exist because the separation agreement could only be enforced through a contempt proceeding. *Boulden v. Estate of Boulden*, [5th Dist. Richland] No. 01-CA-21, [2001 Ohio App. LEXIS 4576], ¶ 1.

A review of the caselaw on this topic demonstrates that courts have taken different approaches to explaining the rights and obligations parties have related to separation agreements. This is significant because, in order to issue a writ of prohibition, this Court must find that [respondent] patently and unambiguously lacks jurisdiction to act. Based upon our review of the caselaw, we cannot conclude that [respondent] patently and unambiguously lacks jurisdiction to act.

*Id.* at ¶ 14-16.

{¶ 16} Similarly, the Seventh District Court of Appeals determined that the jurisdiction priority rule did not prevent a party to a divorce decree from bringing an action for breach of a stock purchase agreement and guaranty in a common pleas court even though the party also filed a motion for contempt of the separation agreement and divorce decree to which these other agreements were incorporated in the domestic relations court. *Rossi*, 2021-Ohio-2348, 175 N.E.3d 43 (7th Dist.).

The court looked to the agreements at issue and determined that the claims for breach of the agreements related to the separation agreement could be maintained in the general division of the common pleas court. The court analyzed the agreements at issue and the language of the separation agreement. It determined that relief could be afforded in the general division. *Id.* at ¶ 17.

{¶ 17} Heyside does not point us to any case that specifically addresses the jurisdiction of the general division of the common pleas court to hear the underlying breach-of-contract action in the face of the cases raised by respondent. These cases support the proposition that a court has discretion to determine whether it has jurisdiction based on the claims raised in the action. Given Heyside's limited argument, the similar arguments raised and rejected in the above cases, and the disparate treatment by various courts to the same issue, respondent has carried her burden to demonstrate that she does not patently and unambiguously lack jurisdiction based on the arguments presented.

{¶ 18} However, none of these cases addressed R.C. 3105.10(B)(3), and the apparent delegation of jurisdiction to the domestic relations court. Unless a statute conclusively removes jurisdiction, a judge of the common pleas court has general subject-matter jurisdiction and the discretion to determine her own jurisdiction. *Novak,* 156 Ohio St.3d 425, 2019-Ohio-1329, 128 N.E.3d 209, at ¶ 12. "''A statutory assignment to one division of a court confers on that division exclusive jurisdiction to determine the matters assigned, and deprives the court's other divisions, including its general division, of jurisdiction to determine those same matters.''"

*State v. Lindstrom*, 8th Dist. Cuyahoga No. 96653, 2011-Ohio-6755, ¶ 10, quoting *Perkins Local Dist. Bd. of Edn. v. Wooster City School Dist. Bd. of Edn.*, 183 Ohio App.3d 638, 2009-Ohio-4251, 918 N.E.2d 198, ¶14 (6th Dist.), quoting *Keen v. Keen*, 157 Ohio App.3d 379, 2004-Ohio-2961, 811 N.E.2d 565, citing *Comer v. Bench*, 2d Dist. Montgomery No. 19229, 2003-Ohio-2821. To succeed in prohibition, the removal of jurisdiction must be unequivocal and conclusive. *Novak* at ¶ 15 ("We grant writs of prohibition only when the General Assembly clearly intended to limit the statutory authority of a court.").

{¶ 19} Heyside claims that R.C. 3105.10(B)(3) bestows exclusive jurisdiction on a domestic relations court, in a county where one exists, to resolve the dispute in the underlying case. Respondent argues that this statute has no bearing on the underlying action because this provision applies to motions brought under R.C. 3105.10(B)(2) — things like contempt motions — not to a breach-of-contract action that relies on the separation agreement.

{¶ 20} R.C. 3105.10, titled "[a]nswer, hearing, and judgment," provides in part,

> (A) The court of common pleas shall hear any of the causes for divorce or annulment charged in the complaint and may, upon proof to the satisfaction of the court, pronounce the marriage contract dissolved and both of the parties released from their obligations.

(B) (1) A separation agreement providing for the support of children eighteen years of age or older is enforceable by the court of common pleas.

(2) A separation agreement that was voluntarily entered into by the parties may be enforceable by the court of common pleas upon the *motion* of either party to the agreement, if the court determines that it would be in the interests of justice and equity to require enforcement of the separation agreement.

(3) If a court of common pleas has a division of domestic relations, *all cases* brought for enforcement of a separation agreement under division (B)(1) or (2) of this section shall be assigned to the judges of that division.

(Emphasis added.)

{¶ 21} Case law interpreting R.C. 3105.10(B)(3) is sparse. Heyside has not directed us to any court that has found the statute to apply to the present situation. At least one court has interpreted R.C. 3105.10(B)(3) to mean that a domestic relations court retains jurisdiction to enforce a separation agreement in postjudgment contempt proceedings. *Kell v. Verderber*, 1st Dist. Hamilton No. C-120665, 2013-Ohio-4223, ¶ 19-20. Also, at least one treatise may support Heyside's interpretation, stating:

[I]f a court of common pleas has a division of domestic relations, all cases brought for enforcement of a separation agreement providing for the support of children 18 years of age or older, and all cases brought for enforcement of a separation agreement voluntarily entered into by the parties, must be assigned to the judges of that division.

46 Ohio Jurisprudence 3d, Family Law, Section 507.

{¶ 22} However, R.C. 3105.10(B)(2) speaks in terms of *motions* to enforce, but R.C. 3105.10(B)(3) indicates that *all actions* for enforcement brought pursuant

to R.C. 3105.10(B)(1) or (B)(2) shall be referred to the domestic relations court where one exists. This apparent incongruity is pointed out by respondent but is not adequately addressed by Heyside.

{¶ 23} The purported removal of jurisdiction in this statute is not unequivocal and conclusive. The statute provides that a domestic relations court, where one exists, must hear all motions to enforce a voluntary separation agreement. The action prosecuted by Erica is not a motion, but a complaint for breach of contract. There are nontrivial differences between a motion and a complaint. *See Martin v. Wayne Cty. Natl. Bank Trust*, 9th Dist. Wayne No. 03CA0079, 2004-Ohio-4194, ¶ 11-12. Erica's action is one that seeks to enforce terms of the separation agreement and another agreement, but it was not brought by motion. Therefore, it is unclear if the statute applies. Because it is unclear, this court cannot say that respondent patently and unambiguously lacks jurisdiction. Respondent has general subject-matter jurisdiction and the ability to determine her own jurisdiction. Respondent may ultimately lack jurisdiction, but from the record and arguments in this case, she does not patently and unambiguously lack jurisdiction.

**Adequate Remedy at Law**

{¶ 24} As a result of the above determination, that respondent does not patently and unambiguously lack jurisdiction, Heyside must have no other adequate remedy at law to succeed in this action. "In general, appeal is a remedy sufficient to preclude a writ of mandamus or prohibition." *State ex rel. Durrani v. Ruehlman*,

147 Ohio St.3d 478, 2016-Ohio-7740, 67 N.E.3d 769, ¶ 15, citing *State ex rel. Caskey v. Gano*, 135 Ohio St.3d 175, 2013-Ohio-71, 985 N.E.2d 453, ¶ 2. "[T]o be an adequate remedy at law, the remedy must be 'complete, beneficial, and speedy.'" *Id.* at ¶ 16, quoting *State ex rel. Ullmann v. Hayes*, 103 Ohio St.3d 405, 2004-Ohio-5469, 816 N.E.2d 245, ¶ 8. Heyside does not raise any issue that would lead to the conclusions that an appeal from an adverse judgment in the common pleas court case would not constitute an adequate remedy at law. Generally, "'contentions that appeal from any subsequent adverse final judgment would be inadequate due to time and expense are without merit.'" *State ex rel. Estate of Nichols v. Russo*, 8th Dist. Cuyahoga No. 107508, 2018-Ohio-3416, ¶ 11, quoting *State ex rel. Lyons v. Zaleski*, 75 Ohio St.3d 623, 626, 665 N.E.2d 212 (1996), citing *Whitehall ex rel. Wolfe v. Ohio Civ. Rights Comm.*, 74 Ohio St.3d 120, 124, 656 N.E.2d 684 (1995); *State ex rel. Gillivan v. Bd. of Tax Appeals*, 70 Ohio St.3d 196, 200, 638 N.E.2d 74 (1994).

{¶ 25} Therefore, an appeal from a final judgment in the underlying case constitutes an adequate remedy at law.

{¶ 26} Respondent's motion to dismiss is granted. Costs assessed against relator. The clerk is directed to serve on the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

{¶ 27} Writ dismissed.


_____
EMANUELLA D. GROVES, JUDGE

EILEEN A. GALLAGHER, P.J., and
MARY J. BOYLE, J., CONCUR