[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. McKenney v. Jones*, Slip Opinion No. 2022-Ohio-583.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2022-OHIO-583

THE STATE EX REL. MCKENNEY, ADM. JUDGE, ET AL. *v.* JONES, ADM. JUDGE, ET AL.

THE STATE EX REL. WILLIAMS, JUDGE, ET AL. *v.* JONES, ADM. JUDGE, ET AL.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. McKenney v. Jones*, Slip Opinion No. 2022-Ohio-583.]**

*Prohibition—Mandamus—Appointment of counsel for indigent criminal defendants—To the extent that municipal-court judges sought to invalidate an agreement for the appointment of counsel, the wrong parties were named, because the parties to the agreement were not the common-pleas-court judges—Municipal-court judges lacked standing to challenge the appointment of counsel in the common pleas court, because the aggrieved parties were the indigent defendants or the unpaid attorneys—When a local rule is ambiguous, a common pleas court cannot have a clear legal duty to repeal it—Writs denied.*

(Nos. 2020-1405 and 2021-0043—Submitted December 7, 2021—Decided February 28, 2022.)

IN MANDAMUS and PROHIBITION.

————————

**Per Curiam.**

{¶ 1} In these consolidated cases, the relators, four Summit County Municipal Court judges,[1] seek writs of prohibition and mandamus against the respondents, the Summit County Court of Common Pleas and its administrative judge, Amy Corrigall Jones. For the reasons set forth herein, we deny the requests for writs.

## I. BACKGROUND

{¶ 2} By statute, a municipal court has jurisdiction over certain portions of a felony case. R.C. 1901.20(B). Specifically, a municipal court has jurisdiction to conduct preliminary hearings and other necessary hearings prior to a criminal defendant's indictment or prior to a probable-cause determination (after each of these, jurisdiction is transferred exclusively to the court of common pleas). *Id.* A municipal-court judge has the power "to exercise any other powers that are necessary to give effect to the jurisdiction of the court." R.C. 1901.13(A)(1). These cases concern a dispute over the appointment of counsel for indigent defendants who appear in municipal court before they are bound over to the common pleas court on a felony charge.

{¶ 3} The Sixth Amendment to the United States Constitution confers on any indigent defendant charged with a felony a constitutional right to appointed counsel. *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). In addition, Crim.R. 44(A) provides that when a defendant charged with "a serious

----

1. The relators in case No. 2020-1405 are Barberton Municipal Court Administrative Judge Todd McKenney and Judge Jill Flagg Lanzinger and the relators in case No. 2021-0043 are Akron Municipal Court Judges Annalisa S. Williams and David Hamilton.

offense" is unable to obtain counsel, "counsel shall be assigned to represent the defendant at every stage of the proceedings from their initial appearance before a court through appeal as of right," unless the defendant knowingly, intelligently, and voluntarily waives the right to counsel.

{¶ 4} The evidence establishes that at least one of the relators appoints counsel to represent indigent felony defendants in cases originating in arraignment "when the right to counsel attache[s]." The municipal court maintains a list of qualified attorneys from which appointments for indigent defendants are made.

{¶ 5} The process by which common-pleas-court judges appoint counsel in cases pending in their own court is more complicated. In Ohio, a county may choose from different methods for appointing counsel for indigent defendants in its jurisdiction, one of which is to create a "county public defender commission." R.C. 120.13(A). A county public-defender commission may then contract with a qualified nonprofit organization for that entity to provide legal representation to indigent defendants. R.C. 120.14(F).

{¶ 6} In 1977, Summit County created a county public-defender commission. Effective January 1, 2021, the commission entered into a professional-services agreement with the Legal Defender's Office of Summit County ("the office"), a private corporation providing legal representation. *See* Summit County Ordinance No. 2021-007 (authorizing the commission to enter into an agreement with the office).

{¶ 7} Under section 1(A)(2) of the agreement, the office must provide legal services to any indigent defendant[2] in the *municipal* courts in Summit County. Section 1(A)(3) of the agreement specifically provides that the office will provide representation at the "initial appearance of [indigent defendants] for whom a

---

2. The agreement uses the term "Eligible Person," which it defines as a person unable to pay for counsel as determined under various statutes. *See* section 1(A)(4).

criminal complaint alleging a felony violation has been filed prior to being bound over to Common Pleas Court."

{¶ 8} The common pleas court's local rules provide that the court's designated assignment judge will appoint counsel for all defendants charged with a felony in Summit County and eligible for appointed counsel. Loc.R. 21.09(A)(1) and (4) of the Court of Common Pleas of Summit County, General Division. "Upon appointment, the attorney shall perform basic duties as warranted by the facts of the case * * *." Loc.R. 21.09(B)(4). The rules require that "any lawyer appointed in municipal court" be notified of the identity of counsel appointed by the assignment judge. Loc.R. 21.09(A)(3). In an email to the county's municipal-court judges about the process, the common pleas court's administrative judge explained that a public defender represents the indigent defendant at the initial arraignment, pursuant to the public defender's contract with the county; thereafter, the common pleas court would appoint private counsel to handle the representation through indictment and the remainder of the criminal proceedings. The administrative judge also explained that the common-pleas-court judges would not approve fee applications for counsel appointed by the municipal courts.

{¶ 9} Citing these local rules, the office of the county executive asked the municipal-court judges to stop appointing counsel for indigent unindicted felony defendants. According to the county, the agreement supersedes the municipal court's local rules: under those rules, municipal courts may appoint counsel to indigent defendants "in need of an attorney," but because the administrative judge of the common pleas court declared that representation by a public defender is now available after an arraignment, indigent defendants would no longer be "in need" of counsel. Therefore, the county deems municipal-court appointments of private counsel to be a "misuse of public funds" and will no longer "waste taxpayer money to compensate an attorney when the representation is already provided for in the contract with the Legal Defender Office."

## II. PROCEDURAL HISTORY

{¶ 10} Barberton Municipal Court Administrative Judge Todd McKenney and Judge Jill Flagg Lanzinger filed a complaint for writs of mandamus and prohibition on November 16, 2020, to prevent the appointment of counsel by the common-pleas-court judges while a case is pending in municipal court. We referred the case to mediation. 160 Ohio St.3d 1463, 2020-Ohio-5393, 157 N.E.3d 786. The mediation stay was lifted, and the case returned to the docket, on December 29, 2020. 160 Ohio St.3d 1512, 2020-Ohio-6923, 159 N.E.3d 1153.

{¶ 11} Akron Municipal Court Judges Annalisa S. Williams and David Hamilton filed a similar complaint on January 11, 2021. We consolidated the two cases, 161 Ohio St.3d 1418, 2021-Ohio-182, 161 N.E.3d 708, and the relators filed amended complaints seeking two forms of relief. They demanded a writ of prohibition to prevent the common-pleas-court judges from attempting to regulate or interfere with the appointment of counsel in felony cases pending in the municipal court, on the theory that these appointments interfered with the jurisdiction of the municipal-court judges. And they sought a writ of mandamus compelling the common-pleas-court judges to repeal their local rules purporting to allow them to appoint counsel in municipal-court cases.[3]

{¶ 12} Judge Jones and the common pleas court filed an answer in each case, along with a motion for judgment on the pleadings. On June 30, 2021, we denied the motion for judgment on the pleadings and granted an alternative writ. 163 Ohio St.3d 1487, 2021-Ohio-2097, 169 N.E.3d 1262. In addition to the evidence and brief submitted by the parties, we have received amicus curiae briefs

---

3. The amended complaint in case No. 2020-1405 appears to also seek to compel the common-pleas-court judges to withdraw any appointments they may have made in municipal-court cases. However, as discussed below, this request receives no attention in the relators' briefs.

from the Legal Defender's Office and the Office of the Ohio Public Defender opposing relief.

### III. LEGAL ANALYSIS

*A. The relators make three requests in seeking a writ of prohibition*

{¶ 13} To state a claim for a writ of prohibition, a relator must allege the exercise of judicial power, the lack of authority for the exercise of that power, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Elder v. Camplese*, 144 Ohio St.3d 89, 2015-Ohio-3628, 40 N.E.3d 1138, ¶ 13. However, if the absence of jurisdiction is patent and unambiguous, a relator need not establish the third prong, the lack of an adequate remedy at law. *State ex rel. Sapp v. Franklin Cty. Court of Appeals*, 118 Ohio St.3d 368, 2008-Ohio-2637, 889 N.E.2d 500, ¶ 15.

{¶ 14} In their consolidated merit brief, the municipal-court judges discuss at length the concept of "vertical representation," which they define as "the same attorney represent[ing] a client from when jeopardy attaches until it ceases." They contrast this with "horizontal representation," which occurs "when different lawyers represent poor people at different stages of the proceedings." The municipal-court judges argue that Ohio law requires vertical representation. They further argue that the right of indigent criminal defendants to vertical representation is being threatened in three ways.

{¶ 15} First, the municipal-court judges argue that the agreement between the commission and the office ensures horizontal representation: a lawyer from the office will appear *only* at the defendant's initial court appearance, after which new counsel will be appointed. According to the municipal-court judges, the provision in the agreement limiting attorneys from the office to a single court appearance is invalid and "[t]he remedy is to invalidate the portion of the contract respecting limited felony representation."

{¶ 16} Second, the municipal-court judges complain that after felony defendants are bound over to the common pleas court, the common-pleas-court

judges appoint new counsel of their own choosing to replace counsel initially appointed by the municipal-court judges. The municipal-court judges ask us "[to] hold that if a felony case is initiated in a municipal court and that court appoints a licensed attorney who meets or exceeds the standards for reimbursement for representing a particular indigent defendant, then *that* lawyer will continually represent the client in all related successive proceedings, including defense of a subsequent indictment in common pleas court, absent specific cause otherwise, such as an ethical conflict or irreconcilable attorney-client dispute." (Emphasis sic.)

**{¶ 17}** Finally, the municipal-court judges argue that the common-pleas-court judges should not appoint counsel for defendants while the defendants' cases are still pending in municipal court; they premise this argument on principles of vertical representation more than on alleged interference with the jurisdiction of the municipal court. In the section of their merit brief specifically addressing prohibition, the municipal-court judges request a writ "prohibiting respondents from (a) appointing counsel in any cases pending in municipal court and (b) subsequently appointing different counsel than may have been appointed by a municipal court absent specific cause otherwise."

### 1. The relators' request for a writ of prohibition declaring a clause of the agreement unenforceable

**{¶ 18}** Pursuant to R.C. 120.16(A)(1), a county public defender must provide representation to indigent defendants who are charged with the commission of an offense, in violation of a state statute, when the penalty includes a possible loss of liberty. R.C. 120.16(B) provides that the county public defender "shall provide the legal representation authorized by division (A) of this section at every stage of the proceedings following arrest, detention, service of summons, or indictment." The municipal-court judges contend that R.C. 120.16(B) imposes a duty of vertical representation on all county public defenders. And the municipal-

court judges contend that because a private entity that contracts with the county public defender must "[c]omply with all statutory duties and other laws applicable to county defenders," R.C. 120.14(F)(3), the private entity—in these cases, the office—is equally subject to a duty of vertical representation. And as noted above, they contend that section 1(A)(3) of the agreement between the commission and the office, which allows only a single limited appearance by an attorney, violates this statutory duty.

**{¶ 19}** R.C. 120.14(F) authorizes a county public-defender commission to contract with a nonprofit organization "to provide all or any part of the services that a county public defender is required or permitted to provide." Far from requiring vertical representation, the statute plainly contemplates that the county may contract with the office to provide representation for only a portion of a case. Regardless, to the extent that the municipal-court judges seek to invalidate the agreement or control how obligations under the contract will be performed, they have named the wrong parties in this litigation. The parties to the agreement are the county public-defender commission and the office, not the Summit County Court of Common Pleas and Judge Jones.

**{¶ 20}** Moreover, in challenging a specific term of the agreement, the municipal-court judges have strayed from their prohibition case and are instead seeking a declaratory judgment regarding the meaning of the agreement and a prohibitory injunction to prevent its enforcement. We have no original jurisdiction to provide such relief. *See State ex rel. Esarco v. Youngstown City Council*, 116 Ohio St.3d 131, 2007-Ohio-5699, 876 N.E.2d 953, ¶ 8.

**{¶ 21}** We also note that the municipal-court judges did not raise the issue of the enforceability of section 1(A)(3) of the agreement in their amended complaint. In *State ex rel. Massie v. Gahanna-Jefferson Pub. Schools Bd. of Edn.*, 76 Ohio St.3d 584, 589, 669 N.E.2d 839 (1996), we recognized the unfairness of

considering a new claim when the respondent had no notice of the claim at the time it submitted its evidence.

{¶ 22} For all these reasons, we deny the request for a writ of prohibition declaring section 1(A)(3) of the agreement unenforceable.

### 2. The relators' request for a writ of prohibition preventing the removal of the municipal-court-appointed counsel

{¶ 23} Second, the municipal-court judges claim that once indigent criminal defendants facing felony charges are bound over to the common pleas court, the common-pleas-court judges are (1) removing counsel the municipal-court judges have appointed, (2) appointing new counsel to represent the defendants, and (3) refusing to approve fee requests submitted by the former counsel.

{¶ 24} Under R.C. 120.33(A)(2), a common pleas court has authority to appoint counsel for indigent persons in proceedings over which the court has jurisdiction. This statute does not prohibit a common pleas court from appointing different counsel from the one assigned at a preindictment arraignment. Continuity of counsel may be the better practice, but it is not required by the statute. Moreover, the relators before us lack standing to challenge the appointment of counsel in the common pleas court or that court's alleged refusal to pay fees incurred by prior counsel: the aggrieved parties would be the indigent defendants or the unpaid attorneys, not the municipal-court judges.

### 3. The relators' request for a writ of prohibition preventing the common-pleas-court judges from appointing counsel to represent indigent defendants while their cases are pending in municipal court

{¶ 25} The municipal-court judges brought this litigation to stop the practice of common-pleas-court judges appointing counsel to appear on behalf of indigent criminal defendants in municipal court. However, the municipal-court judges have not proved that this practice is actually taking place.

**{¶ 26}** In her affidavit, Judge Jones attests that the common-pleas-court judges "do not issue orders appointing counsel until a case is bound over, a common pleas case number is assigned, and the matter is pending in the Summit County Common Pleas General Division." Judge Jones does not deny that attorneys from the office are appearing in municipal court but contends that those attorneys are not doing so based on appointments by common-pleas-court judges. Rather, the attorneys are appearing pursuant to the terms of the county's agreement with the office, an agreement to which the common-pleas-court judges are not parties.

**{¶ 27}** In response, the relators have submitted nine volumes of exhibits. The first exhibit is an affidavit of Montrella S. Jackson, court administrator for the Akron Municipal Court. Jackson attests that from November 4, 2020, to July 20, 2021, she received more than 1,700 emails, which were attached to her affidavit, from the common pleas court identifying an attorney appointed to represent a defendant in cases in which the municipal court had conducted arraignments and appointed counsel. According to Jackson, "[e]ach email notice either listed the attorney retained or a new attorney appointed by Summit County Common Pleas."

**{¶ 28}** However, the relators provide no context for these emails. The first email, for example, announces the appointment of counsel for a defendant in municipal case No. 20CRA09043. But there is no evidence in the record to indicate whether, as of the date of the email (November 25, 2020), that case was still pending in municipal court or whether the defendant had been bound over to the common pleas court. And the same is true of the other emails. It is not the role of this court to "search the record or formulate legal arguments on behalf of the parties," *State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, ¶ 19, much less to conduct research to develop evidence the parties did not submit.

**{¶ 29}** A court "speaks only through its journal and not by oral pronouncement," *Schenley v. Kauth*, 160 Ohio St. 109, 113 N.E.2d 625 (1953), paragraph one of the syllabus, or in this case, not by emails or press releases.

Because no orders have been submitted as evidence that show that the common pleas court appointed attorneys in cases other than in the common-pleas-court cases, the precise conduct that this court is being asked to prohibit is not clearly identified.

{¶ 30} No statute grants either municipal courts or courts of common pleas exclusive jurisdiction over felony matters prior to an indictment, *see* R.C. 1901.20(B) and 2931.03. The municipal court has jurisdiction to conduct preliminary hearings in felony cases preindictment, R.C. 1901.20(B), but the common pleas court also has original jurisdiction over criminal charges, R.C. 2931.03. Thus, the relators have not established that the common-pleas-court judges lack authority to proceed under their local rules. And if, as the amended complaint filed by Judges McKenney and Lanzinger alleges, the assignment judge in the common pleas court is appointing private counsel within 24 hours of the initial municipal-court felony arraignment, such practice would seem to further the goals of the vertical representation espoused by the relators: if a new attorney is to be appointed for the duration of the case in the common pleas court, it makes sense for the defendant to know who that attorney is as soon as possible so that the client can communicate with counsel and counsel can begin to investigate and work on the client's behalf.

{¶ 31} While we deny the requested writ of prohibition, we emphasize the importance of providing competent and effective counsel to indigent criminal defendants at all stages of their cases. Courts—in this instance, a municipal court and a court of common pleas—that have jurisdiction at various steps in the same case should work together cooperatively to provide a system for the representation of indigent criminal defendants that will result in competent representation and fair proceedings throughout the adjudication of defendants' cases. And while courts must ensure that a defendant's right to counsel is satisfied, the responsibility in the first instance to provide competent counsel belongs to a county public-defender

commission.  No court should interfere with that process absent indications or evidence *in a particular case* that counsel may not be serving the indigent criminal defendant's need for representation.

**{¶ 32}** We deny the relators' request for a writ of prohibition.

*B. The relators are not entitled to a writ of mandamus*

**{¶ 33}** Finally, the relators seek a writ of mandamus compelling the respondents to "lift or rescind any 'local rule' or 'orders' (or interpretations of those orders) purporting to (1) govern felony proceedings pending in the Akron or Barberton municipal courts or (2) enable the common pleas court judges to annul preexisting attorney-client relationships forged by the judicial branch through a municipal court appointing counsel when the fundamental right to counsel first attached."  To be entitled to a writ of mandamus, a party must establish by clear and convincing evidence a clear legal right to the requested relief, a clear legal duty on the part of a respondent to provide the requested relief, and the lack of an adequate remedy in the ordinary course of the law.  *State ex rel. Love v. O'Donnell*, 150 Ohio St.3d 378, 2017-Ohio-5659, 81 N.E.3d 1250, ¶ 3.

**{¶ 34}** We deny the request for a writ of mandamus.  The relators object to Loc.R. 21.09(A) of the Court of Common Pleas of Summit County, General Division, which provides that the common pleas court's designated assignment judge will appoint counsel for all defendants charged with a felony in Summit County and eligible for appointed counsel.  Contrary to the relators' allegation, the rule does not expressly state that the common pleas court will appoint counsel in cases pending in municipal court.  The rule is susceptible to the interpretation offered by the respondents that appointments occur only after the case is transferred to the common pleas court.  And if the rule is ambiguous, then the common pleas court cannot have a clear legal duty to repeal it.

## IV. CONCLUSION

{¶ 35} Based on the evidence and the arguments of the parties, we deny the requests for writs of prohibition and mandamus.

Writs denied.

O'CONNOR, C.J., and KENNEDY, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

BRUNNER, J., concurs in judgment only, with an opinion.

_____

**BRUNNER, J., concurring in judgment only.**

{¶ 36} Relators, Barberton Municipal Court Administrative Judge Todd McKenney, and Judge Jill Flagg Lanzinger in case No. 2020-1405 and Akron Municipal Court Judges Annalisa S. Williams and David Hamilton in case No. 2021-0043, brought this action to stop respondents, the Summit County Court of Common Pleas and its administrative judge, Amy Corrigall Jones, from appointing counsel for indigent criminal defendants in cases in municipal courts. This court finds that the municipal-court judges have not established that common-pleas-court judges are in fact making such appointments and that nothing in the local rules clearly states that the common-pleas-court judges may do so.

{¶ 37} I concur in judgment only, because I do not find the facts to be as unequivocal as expressed in the majority opinion. The municipal-court judges submitted more than 2,000 pages of emails sent from the common pleas court to a municipal-court administrator identifying attorneys appointed for defendants in cases that arose in the municipal court. The administrator submitted an affidavit stating that each of the emails "either listed the attorney retained or a new attorney appointed by Summit County Common Pleas." Having determined that relators have not provided enough context to understand the timing or purpose of the emails, the majority states that it will not " 'search the record or formulate legal arguments on behalf of the parties.' " Majority opinion, ¶ 28, quoting *State v. Quartermain*,

140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, ¶ 19. The majority's statement could be understood as suggesting that there is no evidentiary value to the emails supporting relators' claims.

{¶ 38} While the emails (on a cursory review of their contents) may not be direct evidence that the common-pleas-court judges appointed attorneys to represent defendants in municipal court, certain inferences may be drawn from them. A number of the emails were sent to the municipal court and inform that court of the name of the attorney who has been appointed in the case, with that attorney's name also listed as the municipal-court attorney. Specifically, the subject line in each of the emails submitted by the municipal-court administrator is "ATTORNEY APPOINTMENT," and each email begins, "Notice of SCCP APPOINTMENT." The first email was sent on November 25, 2020, and states, "JORDAN E. KNABB HAS BEEN APPOINTED TO REPRESENT THE ABOVE DEFENDANT BY SCCP ASSIGNMENT JUDGE: AMY CORRIGALL JONES." It then states, "MUNICIPAL ATTORNEY: JORDAN E. KNABB." (All capitalizations sic.)

{¶ 39} Thus, while the evidence offered by relators may not involve an entry or order from the common pleas court appointing the attorneys in the municipal-court case, it supports—to a greater or lesser degree, depending on the view of the trier of fact—the municipal court judges' allegations that the common-pleas-court judges were attempting to exercise authority in the municipal courts.

{¶ 40} Conversely, I agree with the majority in that a court "speaks only through its journal and not by oral pronouncement," *Schenley v. Kauth*, 160 Ohio St. 109, 111, 113 N.E.2d 625 (1953), or in this case, by emails or press releases. I also agree that the common-pleas-court judges established a process by which the contract between the county public-defender commission and the Legal Defender's Office of Summit County would be carried out not only in their court but also in the municipal courts, refusing to authorize any other attorneys than those stated in

the emails to be paid, leaving the municipal court with no other feasible way to appoint counsel. Finally, I agree that because there do not appear to be any orders from the common pleas court appointing attorneys in cases other than in the common-pleas-court cases, the precise conduct that this court is being asked to prohibit is not clearly identified. I would further note that given that neither municipal courts nor courts of common pleas have exclusive jurisdiction over felony matters prior to an indictment, *see* R.C. 1901.20(B) and 2931.03, I cannot say the common-pleas-court judges lack authority to proceed under their promulgated local rules.

{¶ 41} In the end, it is every court's duty to individuals accused of a crime, and to the state, that federal and state constitutional requirements for fair trials must be observed and guaranteed. Courts must constitutionally provide competent counsel in criminal proceedings to those who are indigent, and this must be central to the process, with territorial differences and interests subordinated to this singular purpose.

_____

Mayle, L.L.C., Andrew R. Mayle, Ronald J. Mayle, and Benjamin G. Padanilam, for relators in case No. 2021-0043.

The Pattakos Law Firm, L.L.C., Peter Pattakos, and Rachel Hazelet, for relators in case No. 2020-1405.

Isaac, Wiles & Burkholder, L.L.C., Mark Landes, Donald C. Brey, C. Awele Nwajei, and Madeline Shanahan, for respondents.

Timothy Young, Ohio Public Defender, for amicus curiae Office of the Ohio Public Defender, in support of respondents in case No. 2020-1405.

Kushner & Hamed Co., L.P.A., Phillip S. Kushner, Michael R. Hamed, and Brandon Mordue, for amicus curiae Summit County Legal Defender's Office, in support of respondents.

_____