[Cite as *State ex rel. Pine Creek Properties v. Turner*, 2023-Ohio-4424.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO EX REL., PINE CREEK PROPERTIES, | : | |
| | : | |
| Relator, | | |
| | : | No. 113144 |
| v. | | |
| | : | |
| EARLE B. TURNER, | | |
| | : | |
| Respondent. | : | |

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** WRIT DENIED
**DATED:** December 5, 2023

---

Writ of Mandamus
Motion Nos. 568713 and 568716
Order No. 569180

---

### *Appearances:*

Powers Friedman Linn PLL, Robert G. Friedman, and Thomas P. Owen, *for relator*.

Mark D. Griffin, Cleveland Director of Law, and Gilbert E. Blomgren, and James R. Russell, Jr., Assistant Directors of Law, *for respondent*.

KATHLEEN ANN KEOUGH, P.J:

{¶ 1} Relator, Pine Creek Properties, seeks a writ of mandamus directing respondent, Cleveland Municipal Court Clerk of Courts Earle B. Turner, to comply with a local rule of the Housing Division of the Cleveland Municipal Court regarding the scheduling of hearings in forcible entry and detainer actions, referred to as eviction actions. Because relator has failed to clearly and convincingly show that respondent has a legal duty in this case, we grant respondent's motion for summary judgment, deny relator's motion for summary judgment, and deny relator's request for writ of mandamus.

## I. Background

{¶ 2} On September 1, 2023, relator filed a complaint for writ of mandamus. There, relator claimed that current rules of the Housing Division of the Cleveland Municipal Court established that eviction actions shall be scheduled for hearing 21 days from the filing of the complaint. Relator asserted that it filed an underlying eviction case on August 31, 2023, *Pine Creek Prop. v. Rosemond*, Cleveland M.C. 2023-CVG-010007. Respondent's office sent notices of hearing that informed the parties that a hearing was scheduled 28 days from the filing of the complaint, rather than 21 days. Relator alleged that respondent had a clear legal duty to schedule hearings on eviction actions 21 days from the date of filing of the complaint.

{¶ 3} On September 5, 2023, this court issued a briefing order giving respondent 14 days to respond to the complaint and relator seven days to file any

opposition. Respondent timely filed a motion to dismiss alleging that relator was seeking the general enforcement of the law over future conduct. Respondent argued that relator was, in essence, seeking a declaratory judgment and injunctive relief. On September 26, 2023, relator filed a brief in opposition where it argued that respondent had a clear legal duty to comply with the local court rule.

{¶ 4} On October 4, 2023, this court denied respondent's motion to dismiss and issued a briefing order directing the parties to file cross motions for summary judgment within 14 days and briefs in opposition within seven days. This court asked the parties to address whether respondent has a legal duty or authority to set a matter for hearing and whether a Cleveland housing court order attached to relator's brief in opposition to respondent's motion to dismiss rendered any ongoing claim for relief in mandamus moot.

{¶ 5} Respondent and relator timely filed motions for summary judgment. Respondent argued that as a clerk of courts, he did not have a legal duty to set hearings. He further alleged that no statute or court rule, even the housing court's local rule, established that he had such a duty. In relator's motion for summary judgment, it argued that on information and belief, respondent, not the housing court, was responsible for setting the first hearing in eviction actions and that respondent had a duty to abide by the rules established by the housing court when doing so. Relator also submitted evidence establishing that there were numerous instances of eviction actions not being set for a hearing 21 days after the date on

which the complaint was filed. These arguments were carried forward through each respective party's timely filed brief in opposition.

## II. Law and Analysis
### A. Standard for Writ of Mandamus

{¶ 6} A writ of mandamus, an extraordinary remedy, will not issue unless relators show by clear and convincing evidence that (1) they are entitled to the requested relief, (2) the respondent has a clear legal duty to provide the requested relief, and (3) they possess no other adequate remedy in the ordinary course of the law. *State ex rel. Cleveland Right to Life v. Ohio Controlling Bd.*, 138 Ohio St.3d 57, 2013-Ohio-5632, 3 N.E.3d 185, ¶ 2. "Mandamus lies to compel the performance of an act which is clearly enjoined by law upon a respondent." *State ex rel. Ohio Motorists Assn. v. Masten*, 8 Ohio App.3d 123, 126, 456 N.E.2d 567 (8th Dist.1982), citing *State ex rel. Pistillo, v. Shaker Heights*, 26 Ohio St.2d 85, 269 N.E.2d 42 (1971). Further, "[a] 'writ of mandamus will not issue to compel the general observance of laws in the future.'" *State ex rel. ACLU of Ohio v. Cuyahoga Cty. Bd. of Commrs.*, 128 Ohio St.3d 256, 2011-Ohio-625, 943 N.E.2d 553, ¶ 27, quoting *State ex rel. Kirk v. Burcham*, 82 Ohio St.3d 407, 409, 696 N.E.2d 582 (1998). Mandamus will not issue in the doubtful case. Where the duty is ambiguous, the writ will not issue. *State ex rel. McKenney v. Jones*, 168 Ohio St.3d 180, 2022-Ohio-583 and 2022-Ohio-583, 197 N.E.3d 520, ¶ 34.

{¶ 7} The matter is before this court on cross-motions for summary judgment. Pursuant to Civ.R. 56(C),

[s]ummary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.

**B. Clear Legal Duty**

{¶ 8} Relator attached the local rules of court to its complaint. Former Cleveland Mun.Ct.R.Prac. & P. 6.05, titled Scheduling Eviction Hearings, provided that "[t]he eviction shall be set for hearing at 9:00 a.m. twenty-one (21) days from the filing date, unless otherwise ordered by the Court." The rules of court were reorganized and amended in 2022. According to the complaint, this rule became Cleveland Mun.Ct.R.Prac. & P. 6(J)(1) with no substantive change to the wording. The complaint and relator's opposition to respondent's motion to dismiss also included administrative orders issued by the administrative judge of the housing court varying the date of first hearing.

{¶ 9} Generally, a clerk sends notices of a hearing set by a court. The obligations and duties of a clerk of courts are set forth in R.C. 1907.20 for a common pleas court clerk and R.C. 1901.31 for a municipal court clerk. Pursuant to R.C. 1901.31(E),

[t]he clerk of a municipal court may do all of the following: administer oaths, take affidavits, and issue executions upon any judgment

rendered in the court, including a judgment for unpaid costs; issue, sign, and attach the seal of the court to all writs, process, subpoenas, and papers issuing out of the court; and approve all bonds, sureties, recognizances, and undertakings fixed by any judge of the court or by law. The clerk may refuse to accept for filing any pleading or paper submitted for filing by a person who has been found to be a vexatious litigator under section 2323.52 of the Revised Code and who has failed to obtain leave to proceed under that section. The clerk shall do all of the following: file and safely keep all journals, records, books, and papers belonging or appertaining to the court; record the proceedings of the court; perform all other duties that the judges of the court may prescribe; and keep a book showing all receipts and disbursements, which book shall be open for public inspection at all times.

The clerk shall prepare and maintain a general index, a docket, and other records that the court, by rule, requires, all of which shall be the public records of the court. In the docket, the clerk shall enter, at the time of the commencement of an action, the names of the parties in full, the names of the counsel, and the nature of the proceedings. Under proper dates, the clerk shall note the filing of the complaint, issuing of summons or other process, returns, and any subsequent pleadings. The clerk also shall enter all reports, verdicts, orders, judgments, and proceedings of the court, clearly specifying the relief granted or orders made in each action. The court may order an extended record of any of the above to be made and entered, under the proper action heading, upon the docket at the request of any party to the case, the expense of which record may be taxed as costs in the case or may be required to be prepaid by the party demanding the record, upon order of the court.

The clerk shall also receive and collect fines, fees, and costs; bail; and monies payable to the office of the court. R.C. 1901.31(F).

{¶ 10} Relator does not point to anywhere in the statutory scheme or rules of superintendence governing the operations or duties of a municipal clerk of courts that a clerk has a duty to schedule hearings. R.C. 1901.31(E) does provide that a clerk of courts shall "perform all other duties that the judges of the court may prescribe." However, relator has not provided this court with anything that

indicates that a judge of the housing court has directed respondent to set matters for hearing.

{¶ 11} Instead, relator relies exclusively on a local rule of court that states when hearings shall be set in eviction actions. However, as explained below, this local rule does not direct respondent to set matters for hearing or that the court delegated its responsibility for setting those hearings to the clerk.

{¶ 12} According to the complaint, Cleveland Mun.Ct.R.Prac. & P. 6(J)(1) as stated in the version filed with the housing court on January 31, 2023, provides: "The eviction shall be set for hearing at 9:00 a.m. twenty-one (21) days from the filing date, unless otherwise ordered by the Court."

{¶ 13} There is no clear legal duty for a clerk of courts to set a hearing found in the language of Cleveland Mun.Ct.R.Prac. & P. 6(J)(1). The rule does not conclusively place the burden on respondent rather than the housing court judge or employee of the housing court to set a hearing. "[I]n general, the administrative judge exercises control over the docket of a court. Sup.R. 4.01(A) ('An administrative judge of a court or a division of a court shall * * * [b]e responsible for and exercise control over the administration, docket, and calendar of the court or division')." *State ex rel. Durrani v. Ruehlman*, 147 Ohio St.3d 478, 2016-Ohio-7740, 67 N.E.3d 769, ¶ 21. And a trial judge has inherent authority to control its docket. *Wells Fargo Bank, N.A. v. Myles*, 8th Dist. Cuyahoga No. 93484, 2010-Ohio-2350, ¶ 20. The local rule of court does not explicitly direct respondent to set matters for hearing or delegate control of the docket from the judge to another.

{¶ 14} Relator has not established a clear legal duty on the part of respondent to set matters for hearing. While the matter is before this court on summary judgment where respondent carries the burden of demonstrating entitlement to judgment as a matter of law, a writ will not issue "'unless the relator has a clear right to the relief sought and makes a clear case for the issuance of the writ. The facts submitted and the proof produced must be plain, clear and convincing before a court is justified in using the strong arm of the law by way of granting the writ.'" *State ex rel. Cavanagh v. Cleveland*, 8th Dist. Cuyahoga No. 96116, 2011-Ohio-3840, ¶ 27, quoting *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141, 161, 228 N.E.2d 631 (1967). Thus, the summary judgment inquiry is whether a reasonable jury acting reasonably could find that relator is entitled to relief with convincing clarity. *Dupler v. Mansfield Journal Co.*, 64 Ohio St.2d 116, 121-123, 413 N.E.2d 1187 (1980) (explaining how the clear and convincing evidentiary standard applies to summary judgment for actual malice in a libel claim). Here, relator has not established entitlement to relief with that convincing clarity.

{¶ 15} The Supreme Court of Ohio has held that where a court rule is ambiguous or subject to reasonable interpretation, a writ will not issue because there is no clear legal duty on the part of a respondent. *McKenney*, 168 Ohio St.3d 180, 2022-Ohio-583, 2022-Ohio-583, 197 N.E.3d 520, at ¶ 34. There, municipal court judges brought action for writs of prohibition and mandamus against a common pleas court to force the repeal of a common pleas court local rule that stated

that the administrative judge of the common pleas court would appoint counsel for all indigent defendants charged with a felony within the county. In denying the requested relief in mandamus, the court stated,

> The relators object to Loc.R. 21.03(A) of the Court of Common Pleas of Summit County, General Division, which provides that the common pleas court's designated assignment judge will appoint counsel for all defendants charged with a felony in Summit County and eligible for appointed counsel. Contrary to the relators' allegation, the rule does not expressly state that the common pleas court will appoint counsel in cases pending in municipal court. The rule is susceptible to the interpretation offered by the respondents that appointments occur only after the case is transferred to the common pleas court. And if the rule is ambiguous, then the common pleas court cannot have a clear legal duty to repeal it.

*Id.*

{¶ 16} Here, the local rule of court on which relator relies does not establish that respondent has a duty to set matters for hearing. Even if this court were to determine that respondent has been directed by the local rule of court to set matters for hearing at a specific time, the rule specifies that the housing court may direct respondent otherwise.

{¶ 17} According to the complaint and other attachments filed by relator, the housing court has done so on several occasions, including after the filing of this action. The administrative judge of the housing court has issued an order stating that eviction matters shall be set for hearing 30 days after the filing of the complaint until December 1, 2023. This order signed by the housing court judge on September 19, 2023, is attached to relator's brief in opposition to respondent's motion to dismiss. If it is respondent's obligation to set matters for a hearing to

occur 21 days after the filing of the complaint, the court may and has directed otherwise. This discretion exercised by the housing court judge further demonstrates that relief in mandamus in inappropriate in this case.

### C. Adequate Remedy at Law

{¶ 18} Additionally, to prevail relator must establish that it possesses no other adequate remedy at law. Where an adequate remedy at law exists, relief in mandamus is unavailable. *State ex rel. Lyons v. Zaleski*, 75 Ohio St.3d 623, 624, 665 N.E.2d 212 (1996); *State ex rel. Daniels v. Russo*, 156 Ohio St.3d 143, 2018-Ohio-5194, 123 N.E.3d 1011, ¶ 9, 12. To constitute an adequate remedy, the remedy must be "complete, beneficial, and speedy." *State ex rel. Ullmann v. Hayes*, 103 Ohio St.3d 405, 2004-Ohio-5469, 816 N.E.2d 245, ¶ 8.

{¶ 19} Here, if a hearing is not set within the period provided in the housing court rule, a motion directed to the judge to set the matter for hearing in the appropriate time under the local rule constitutes an adequate remedy. It is the trial court judge who is ultimately responsible for control of the trial court's docket. *Wells Fargo Bank,* 8th Dist. Cuyahoga No. 93484, 2010-Ohio-2350, at ¶ 20. The granting of a motion by the administrative or trial judge[1] to advance the hearing date in compliance with the local rule would offer complete and timely relief. *See Chokel v. Celebrezze*, 8th Dist. Cuyahoga No. 78355, 2000 Ohio App. LEXIS 6227 (Dec. 19, 2000). The denial of the motion would indicate that it is the trial judge's discretion

---

[1] In this case the administrative and trial judge are the same judge.

to set the matter for a different time as is allowed under the local rule. Relator's arguments that there is no other adequate means of relief are unavailing.

{¶ 20} Relator also argues that respondent has not submitted any evidence for this court to determine the issue on summary judgment. It is true that respondent did not file any affidavits or other evidence with its various motions in this court, but it is not true that this is insufficient to meet its burden of proof on summary judgment. Respondent points to R.C. 1901.31(E) and the local rule of court to establish that respondent has no clear legal duty to set a matter for hearing. This is apparent from the face of the statute and rule. No further evidence is necessary. Relator also does not sufficiently demonstrate why filing a motion to advance the date of hearing with the housing court judge is not a sufficient means to address the alleged violation of respondent's duty in the present case.

{¶ 21} Respondent's motion for summary judgment is granted, relator's motion for summary judgment is denied, and the request for writ of mandamus is denied. Costs assessed against relator. The clerk is directed to serve on the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

{¶ 22} Writ denied.

_____

KATHLEEN ANN KEOUGH, PRESIDING JUDGE

MICHELLE J. SHEEHAN, J., and
MICHAEL JOHN RYAN, J., CONCUR