[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Johnson v. Jensen*, Slip Opinion No. 2014-Ohio-3159.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2014-OHIO-3159

THE STATE EX REL. JOHNSON, APPELLANT, *v.* JENSEN, JUDGE, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Johnson v. Jensen*, Slip Opinion No. 2014-Ohio-3159.]**

*Procedendo—Wrong party named as respondent—Judgment dismissing petition for writ of procedendo affirmed.*

(No. 2013-1162—Submitted January 7, 2014—Decided July 23, 2014.)

APPEAL from the Court of Appeals for Lucas County, No. L-13-1098, 2013-Ohio-3090.

_____

**Per Curiam.**

{¶ 1} We affirm the judgment of the Lucas County Court of Appeals, but under a different rationale than offered by that court.  In his petition for a writ of procedendo against appellee, Judge James D. Jensen, which was filed on May 30, 2013, appellant, Tyrone Johnson, asserts that the judge failed to rule on a motion to dismiss the indictment in his criminal matter.  Johnson had been convicted in May 2007 and sentenced to prison for 20 years to life.

**{¶ 2}**   The court of appeals sua sponte dismissed the petition for the writ, stating that because there was no indication on the docket of the clerk that the motion to dismiss had been filed, Judge Jensen had no clear duty to rule on the motion.  Johnson attached to his petition for a writ of procedendo a document that he claimed was a time-stamped copy of his motion to dismiss.

**{¶ 3}**   The court of appeals also found that Johnson failed to comply with R.C. 2969.25, because he failed to file an affidavit setting forth the civil actions that he had filed in the previous five years.  Again, Johnson claimed to have filed the affidavit, and he attached to his brief in this court a copy of his petition including the affidavit that set forth his civil actions.

**{¶ 4}**   Johnson appealed the dismissal of his petition.

**{¶ 5}**   We affirm, but for a different reason than given by the court of appeals: In his petition, Johnson named the wrong party as the respondent.  Judge Jensen no longer sits on the court of common pleas for Lucas County; Judge Michael Goulding is now assigned to Johnson's case in the court of common pleas.  Judge Jensen now sits on the court of appeals.  Moreover, he left the common pleas court in December 2012, before Johnson filed his complaint in May 2013.  Johnson's petition is therefore fatally defective.  *See, e.g.*, *State ex rel. Chaney v. Court of Common Pleas*, 8th Dist. Cuyahoga No. 80569, 2002 WL 228846, *2 (Feb. 13, 2002) ("the relator's petition for a writ of mandamus is fatally defective" because he failed to name the correct party as the respondent); *State ex rel. Johnson v. Court of Common Pleas, Cuyahoga Cty.*, 8th Dist. Cuyahoga No. 76156, 1999 WL 342044 (May 27, 1999); *State ex rel. Tidwell v. Altiere*, 11th Dist. Trumbull No. 2000-T-0007, 2001 WL 276973 (Mar. 16, 2001).

**{¶ 6}**   As Judge Jensen cannot now—and could not when the complaint was filed—perform the act requested in the complaint, he cannot be under a clear legal duty, as required for a writ of mandamus to issue. The case must be

dismissed. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141, 164, 228 N.E.2d 631 (1967).

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Tyrone Johnson, pro se.

Julia R. Bates, Lucas County Prosecuting Attorney, and John A. Borell, Assistant Prosecuting Attorney, for appellee.

_____