[Cite as *Carley v. State*, 2014-Ohio-4483.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 101807

# RICHARD E. CARLEY

RELATOR

vs.

# STATE OF OHIO

RESPONDENT

## JUDGMENT:
### WRIT DENIED

Writ of Mandamus
Motion No. 478347
Order No. 478816

**RELEASE DATE:** October 7, 2014

**FOR RELATOR**

Richard E. Carley, pro se
Inmate # 356-102
Grafton Correctional Institution
2500 S. Avon-Belden Road
Grafton, Ohio 44044


**ATTORNEYS FOR RESPONDENT**

Timothy J. McGinty
Cuyahoga County Prosecutor

By:     James E. Moss
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio   44113

EILEEN T. GALLAGHER, J.:

**{¶1}** Relator, Richard E. Carley, has petitioned this court to issue a writ of mandamus to compel the trial court to issue findings of fact and conclusions of law regarding its denial of his "motion to take judicial notice and administrative notice in the nature of a writ of error, coram nobis, and a demand for dismissal for failure to state the proper jurisdiction and venue" that was filed in *State v. Carley*, Cuyahoga C.P. No. CR-97-355976-B (May 20, 2014). The trial court denied his motion by order dated June 3, 2014, and relator's request for findings of fact and conclusions of law was denied on July 18, 2014.

**{¶2}** Respondent has filed a motion to dismiss that relator has opposed. For the reasons that follow, we grant respondent's motion to dismiss because relator's complaint for writ of mandamus is fatally defective.

**{¶3}** Respondent has moved for dismissal on the grounds that Carley's complaint failed to comply with Loc.App.R. 45(B)(1)(a), R.C. 2969.25(A) and (C), R.C. 2731.04, and Civ.R. 10(A). Respondent further contends the complaint is subject to dismissal due to Carley's failure to name the proper party. Carley has opposed the motion to dismiss by essentially arguing that his noncompliance should be excused due to his status as a pro se litigant.

**{¶4}** It is well settled that pro se litigants are held to the same standard as those who are represented by counsel. *State ex rel. Leon v. Cuyahoga Cty. Court of Common Pleas*, 123 Ohio St.3d 124, 2009-Ohio-4688, 914 N.E.2d 402, ¶ 1 (affirming dismissal of

pro se litigant's complaint for writs of mandamus and procedendo for failure to comply with Loc.App.R. 45(B)(1)).

{¶5} The complaint must be dismissed for numerous reasons. It does not comply with R.C. 2969.25(A) or (C). It improperly designates the State of Ohio as the respondent and does not contain the addresses of the parties as required by Civ.R. 10(A). Relator failed to provide a separate affidavit specifying the details of his claim as required by Loc.App.R. 45(B)(1).

{¶6} Each of the foregoing grounds requires dismissal of the complaint. *See State ex rel. Johnson v. Jensen*, 140 Ohio St.3d 65, 2014-Ohio-3159, 14 N.E.3d 1039, ¶ 5-6 (a petition that names the wrong party is fatally defective and must be dismissed); *State ex rel. Castro v. Corrigan*, 129 Ohio St.3d 342, 2011-Ohio-4059; 952 N.E.2d 497, ¶ 2 (noncompliance with R.C. 2969.25(C)(1) authorizes dismissal of complaint for writ of mandamus); *State ex rel. McGrath v. McDonnell*, 126 Ohio St.3d 511, 2010-Ohio-4726, 935 N.E.2d 830 (affirming dismissal of an inmate's complaint for mandamus for failure to comply with the mandatory requirements of R.C. 2969.25(A)); *State ex rel. Hopson v. Cuyahoga Cty. Court of Common Pleas*, 135 Ohio St.3d 456, 2013-Ohio-1911, 989 N.E.2d 49, ¶ 2 (reaffirming finding that "the Eighth District's reading of Loc.App.R. 45(B)(1) is reasonable and that it may dismiss a writ case that fails to comply with the requirement that an affidavit 'specify[ ] the details of the claim.'"); *Litigaide, Inc. v. Custodian of Records for Lakewood Police Dept.,* 75 Ohio St.3d 508, 664 N.E.2d 521 (1996) (complaint for mandamus must be dismissed where the complaint was not brought in the name of the state on relation of the relator, the respondent objects, and the relator

fails to seek leave to amend the complaint to comply with R.C. 2731.04). The failure to caption an original action properly constitutes sufficient grounds for dismissing the complaint. *Rust v. Lucas Cty. Bd. of Elections*, 108 Ohio St.3d 139, 2005-Ohio-5795, 841 N.E.2d 766; *Barry v. Galvin*, 8th Dist. Cuyahoga No. 85990, 2005-Ohio-2324, ¶ 2, citing *Maloney v. Court of Common Pleas of Allen Cty.*, 173 Ohio St. 226, 181 N.E.2d 270 (1962).

{¶7} Further, coram nobis is a common law writ that is used to correct errors of fact but is not part of Ohio law. *Perotti v. Stine*, 113 Ohio St.3d 312, 2007-Ohio-1957, 865 N.E.2d 50, ¶ 7; *Lutz v. Mason*, 8th Dist. Cuyahoga No. 81173, 2002-Ohio-2265.

{¶8} For all of the foregoing reasons, respondent's motion to dismiss is granted. Relator to pay costs. The clerk of courts is directed to serve notice of this judgment upon all parties as provided in Civ.R. 58(B).

{¶9} Writ dismissed.


EILEEN T. GALLAGHER, JUDGE

SEAN C. GALLAGHER, P.J., and
MARY EILEEN KILBANE, J., CONCUR