[Cite as *State v. Minter*, 2015-Ohio-23.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 101997**

**STATE OF OHIO**

RESPONDENT

vs.

**FRANK A. MINTER, JR.**

RELATOR

**JUDGMENT:**
WRIT DENIED

Writ of Mandamus
Motion No. 479852
Order No. 480898

**RELEASE DATE:** January 6, 2015

**FOR RELATOR**

Frank A. Minter, Jr., pro se
Inmate # 573-831
Richland Correctional Institution
P.O. Box 8107
Mansfield, Ohio 44901


**ATTORNEYS FOR RESPONDENT**

Timothy J. McGinty
Cuyahoga County Prosecutor

By:   James E. Moss
Assistant County Prosecutor
9th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

SEAN C. GALLAGHER, P.J.:

{¶1} Relator, Frank A. Minter, Jr., has petitioned this court to issue a writ of mandamus to compel the trial court to issue findings of fact and conclusions of law regarding its denial of his motion to vacate void judgment for lack of jurisdiction that was filed in *State v. Minter*, Cuyahoga C.P. No. CR-08-517202-B. The trial court denied his motion by order dated July 31, 2014, and relator's request for findings of fact and conclusions of law was denied on August 20, 2014.

{¶2} Respondent has filed a motion for summary judgment. For the reasons that follow, we grant respondent's motion.

{¶3} Respondent has moved for summary judgment on the grounds that the complaint failed to comply with R.C. 2969.25(A) and (C), R.C. 2731.04, and Civ.R. 10(A). Respondent further contends the complaint is subject to dismissal due to Minter's failure to name the proper party.

{¶4} Each of the foregoing grounds requires dismissal of the complaint. *See State ex rel. Johnson v. Jensen*, 140 Ohio St.3d 65, 2014-Ohio-3159, 14 N.E.3d 1039, ¶ 5-6 (a petition that names the wrong party is fatally defective and must be dismissed); *State ex rel. Castro v. Corrigan*, 129 Ohio St.3d 342, 2011-Ohio-4059, 952 N.E.2d 497, ¶ 2 (noncompliance with R.C. 2969.25(C)(1) authorizes dismissal of complaint for writ of mandamus); *State ex rel. McGrath v. McDonnell*, 126 Ohio St.3d 511, 2010-Ohio-4726, 935 N.E.2d 830 (affirming dismissal of an inmate's complaint for mandamus for failure to comply with the mandatory requirements of R.C. 2969.25(A)); *Litigaide, Inc. v. Custodian of Records for Lakewood Police Dept.*, 75 Ohio St.3d 508, 664 N.E.2d 521 (1996) (complaint for mandamus must be dismissed where the complaint was not brought in the name of the state on relation of the relator, the respondent objects, and the relator fails to seek leave to amend the complaint to comply with R.C. 2731.04). The failure to

caption an original action properly constitutes sufficient grounds for dismissing the complaint. *Rust v. Lucas Cty. Bd. of Elections*, 108 Ohio St.3d 139, 2005-Ohio-5795, 841 N.E.2d 766; *Barry v. Galvin*, 8th Dist. Cuyahoga No. 85990, 2005-Ohio-2324, ¶ 2, citing *Maloney v. Court of Common Pleas of Allen Cty.*, 173 Ohio St. 226, 181 N.E.2d 270 (1962).

{**¶5**}   Respondent also argues that Minter is not entitled to a remedy by way of mandamus.    Relator has provided no authority that the trial court has any duty to issue findings of fact and conclusions of law when it denies a motion to vacate a void judgment.   "Generally, findings of fact and conclusions of law are not required for ruling on a motion other than an authentic postconviction relief petition under R.C. 2953.21." *State ex rel. Jefferson v. Russo*, 8th Dist. Cuyahoga No. 90682, 2008-Ohio-135, ¶ 3.   Even if the motion is treated as one for postconviction relief, it was untimely pursuant to R.C. 2953.21(A)(2).   The trial court has no duty to issue findings of fact and conclusions of law when it dismisses an untimely petition for postconviction relief. *State ex rel. James v. Coyne*, 114 Ohio St.3d 45, 2007-Ohio-2716, 867 N.E.2d 837, ¶ 5.   A complaint for a writ of mandamus seeking to compel findings of fact and conclusions of law for the denial of an untimely petition for postconviction relief is properly denied.  *Id*.

{**¶6**}   Accordingly, respondent's motion for summary judgment is granted and the writ is denied.   Costs assessed against the relator.   The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal.   Civ.R. 58(B).

{**¶7**} Writ denied.

———————————

SEAN C. GALLAGHER, PRESIDING JUDGE

MARY EILEEN KILBANE, J., and
TIM McCORMACK, J., CONCUR