[Cite as *State ex rel. Lagway v. Williams*, 2026-Ohio-1014.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO EX REL. WILLIE
LAGWAY

    Relator

    v.

JUDGE JAMES WILLIAMS

    Respondent

C.A. No.    31697

ORIGINAL ACTION IN MANDAMUS

Dated: March 25, 2026

PER CURIAM.

{¶1} Relator, Willie Lagway, has petitioned this Court for a writ of mandamus against Respondent, former Summit County Court of Common Pleas Judge Williams. Mr. Lagway seeks to compel Judge Williams to correct an error in his sentencing entry or to reenter judgment to allow Mr. Lagway to appeal his sentence. The State has moved to dismiss the petition. Mr. Lagway has filed an amended complaint but has not responded to the motion to dismiss. For the following reasons, this Court dismisses the petition.

{¶2} "Mandamus is a writ, issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station." R.C. 2731.01. When a mandamus petitioner fails to name any party who can grant the relief he seeks in his petition, the petition is "fatally defective" and subject to dismissal. *State ex rel. Johnson v. Jensen*, 2014-Ohio-3159, ¶ 5.

*Accord State ex rel. Adams v. Winkler*, 2022-Ohio-271, ¶ 10-14; *State ex rel. Shepherd v. Court of Common Pleas Ashtabula Cty., et al.*, 2024-Ohio-2866, ¶ 5 (11th Dist.).

{¶3} Judge Williams sentenced Mr. Lagway in 1993. Mr. Lagway seeks to compel Judge Williams to correct an alleged error in his sentence. Alternatively, he seeks to compel the judge to reissue his sentencing entry so that he might file a new appeal. Judge Williams is the only respondent Mr. Lagway has named in his petition. As the State notes in its motion to dismiss, however, Judge Williams no longer presides over Mr. Lagway's criminal matter. Judge Williams passed away before Mr. Lagway filed his petition. Although Mr. Lagway filed an amended complaint after the State moved to dismiss, Judge Williams is still the only respondent named in his amended complaint.

{¶4} Mr. Lagway's petition "fail[s] to state a claim in mandamus because he did not name any respondent who could grant the relief he seeks." *State ex rel. Adams* at ¶ 14. Because Judge Williams passed away before Mr. Lagway filed his petition, relief cannot be granted under the petition filed against him. Thus, the petition is fatally defective and is dismissed on that basis. *See State ex rel. Johnson* at ¶ 5; *State ex rel. Shepherd* at ¶ 5.

{¶5} Mr. Lagway's petition is dismissed. Costs of this action are taxed to Mr. Lagway. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

 

SCOT A. STEVENSON
FOR THE COURT

HENSAL, J.
SUTTON, J.
CONCUR.


APPEARANCES:

WILLIE LAGWAY, Pro Se, Relator.

ELLIOT KOLKOVICH, Prosecuting Attorney, and JENNIFER M. PIATT, Assistant Prosecuting Attorney, for Respondent.