[Cite as *State ex rel. Huffman v. Rickett*, 2026-Ohio-1703.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

STATE OF OHIO EX REL. CODY
HUFFMAN

    Relator

    v.

JUDGE MICHAEL W. RICKETT

    Respondent

C.A. No.    26AP0003

ORIGINAL ACTION IN MANDAMUS

Dated: May 11, 2026

PER CURIAM.

{¶1}　Relator, Cody Huffman, has petitioned this Court for a writ of mandamus ordering Respondent, Judge Rickett, to release vehicle registration blocks imposed upon him and certify that the blocks have been released. Judge Rickett has filed an answer, which includes a motion to dismiss for failure to state a claim upon which relief can be granted. Additionally, Mr. Huffman has moved for summary judgment. Judge Rickett has responded in opposition to the motion for summary judgment, and Mr. Huffman has filed a reply. For the following reasons, the case is dismissed.

### Civ.R. 12(B)(6) Review and the Facts Alleged by Mr. Huffman

{¶2}　When this Court reviews a motion to dismiss under Civ.R. 12(B)(6), we must presume that all of the factual allegations in the complaint are true and make all reasonable inferences in favor of the nonmoving party. *State ex rel. Seikbert v. Wilkinson*, 69 Ohio St.3d 489,

490 (1994). A complaint can only be dismissed when, having viewed the complaint in this way, it appears beyond doubt that the relator can prove no set of facts that would entitle him to the relief requested. *Goudlock v. Voorhies*, 2008-Ohio-4787, ¶ 7. "'Material incorporated in a complaint may be considered part of the complaint for purposes of determining a Civ.R. 12(B)(6) motion to dismiss.'" *State ex rel. Peoples v. Schneider*, 2020-Ohio-1071, ¶ 9, quoting *State ex rel. Crabtree v. Franklin Cty. Bd. of Health*, 77 Ohio St.3d 247, 249, fn. 1 (1997). Moreover, "a court may take notice of the docket and record in a closely related case to determine whether the current complaint states a claim for relief." *State ex rel. Neguse v. McIntosh*, 2020-Ohio-3533, ¶ 18. With the foregoing standard in mind, we turn to the facts alleged in the petition and the materials incorporated therein.

{¶3} Mr. Huffman initiated this action by filing a complaint for writ of mandamus. Several days later, he filed an amended complaint. The amended complaint alleged that he was the defendant in eleven Wayne County Municipal Court cases: "2014 CR-B 001383, 2015 CR-B 000245, 2018 CR-B 000667, 2018 CR-B 000988, 2018 CR-B 001455, 2018 CR-B 001460, 2021 CR-B 000912, 2021 CR-B 001471, 2023 CR-B 000137, TRD-11-12-10838, and CRB-11-11-01633." According to the amended complaint, in each of the cases, Mr. Huffman was subject to a vehicle registration block for nonpayment of a court debt.

{¶4} The amended complaint named Judge Rickett as the sole respondent in his official capacity as a judge of the Wayne County Municipal Court. It alleged that Judge Rickett had failed to perform "a mandatory, ministerial duty required by Ohio law." According to the amended complaint, Am.Sub.H.B. 29 ("House Bill 29") took effect in April 2025. The amended complaint alleged that provisions of the bill apply retroactively and expressly mandated the removal of all debt-based vehicle registration blocks. Mr. Huffman seeks an order directing Judge Rickett to

comply with House Bill 29/R.C. 4510.22, remove the registration blocks placed on him in each of his eleven cases, and certify that the blocks have been released.

## A Portion of the Amended Complaint is Moot

{¶5} When an actual controversy no longer exists before this Court, we must dismiss a case as moot. *State ex rel. Grendell v. Geauga Cty. Bd. of Commrs.*, 2022-Ohio-2833, ¶ 9. A case is moot when, without any fault of the respondent, an event occurs which renders it impossible for this Court to grant any relief to the relator. *State ex rel. Wood v. Rocky River*, 2021-Ohio-3313, ¶ 13. *See also State ex rel. Eubank v. McDonald*, 2013-Ohio-72, ¶ 1 ("Mandamus will not lie to compel an act that has already been performed.").

{¶6} A review of the docket in Wayne County Municipal Court Case No. 2014 CR-B 001383 reveals that a release of Mr. Huffman's vehicle registration block was filed on February 20, 2026. *See State ex rel. Sirafi v. Oldfield*, 2025-Ohio-2761, ¶ 5 (9th Dist.) (court may consider extrinsic evidence to determine mootness); *State ex rel. Neguse*, 2020-Ohio-3533, at ¶ 18 ("[A] court may take notice of the docket and record in a closely related case to determine whether the current complaint states a claim for relief."). To the extent Mr. Huffman seeks the release of that registration block, his amended complaint is moot. Accordingly, his amended complaint is dismissed as to Case No. 2014 CR-B 001383.

## A Portion of the Amended Complaint is Fatally Defective

{¶7} "Mandamus is a writ, issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station." R.C. 2731.01. "When a mandamus petitioner fails to name any party who can grant the relief he seeks in his petition, the petition is

'fatally defective' and subject to dismissal." *State ex rel. Lagway v. Williams*, 2026-Ohio-1014, ¶ 2 (9th Dist.), quoting *State ex rel. Johnson v. Jensen*, 2014-Ohio-3159, ¶ 5.

**{¶8}** Mr. Huffman seeks to compel Judge Rickett to issue an order in each of the ten remaining municipal court cases identified in his amended complaint. A review of the dockets in those matters reveals that Judge Rickett did not preside over the following seven cases: 2015 CR-B 000245, 2018 CR-B 000667, 2018 CR-B 000988, 2018 CR-B 001455, 2018 CR-B 001460, TRD-11-12-10838, and CRB-11-11-01633. *See State ex rel. Neguse* at ¶ 18. Notably, Judge Rickett filed with this Court a copy of a journal entry in which he explained that the foregoing cases were "not assigned to [him] and [were] not on [his] docket for any consideration." Mr. Huffman attached that same journal entry to several of his own filings in this Court. Nevertheless, he never sought to amend his complaint to add any additional respondent(s). Insofar as the amended complaint concerns seven cases over which Judge Rickett did not preside, it "'fails to state a claim in mandamus because [Mr. Huffman] did not name any respondent who could grant the relief he seeks.'" *State ex rel. Lagway* at ¶ 4, quoting *State ex rel. Adams v. Winkler*, 2022-Ohio-271, ¶ 14. Accordingly, the amended complaint is dismissed as to Case Nos. 2015 CR-B 000245, 2018 CR-B 000667, 2018 CR-B 000988, 2018 CR-B 001455, 2018 CR-B 001460, TRD-11-12-10838, and CRB-11-11-01633.

**The Remainder of the Amended Complaint is Dismissed**

**{¶9}** "For a writ of mandamus to issue, a relator must demonstrate that (1) the relator has a clear legal right to the relief prayed for, (2) respondent is under a corresponding clear legal duty to perform the requested acts, and (3) relator has no plain and adequate legal remedy." *State ex rel. Serv. Emp. Internatl. Union, Dist. 925 v. State Emp. Relations Bd.*, 81 Ohio St.3d 173, 176 (1998). As discussed below, after presuming the truth of all material factual allegations in the

amended complaint and making all reasonable inferences in Mr. Huffman's favor, it appears beyond doubt that he can prove no set of facts entitling him to mandamus relief.

{¶10} A review of the dockets in Mr. Huffman's three remaining municipal court cases reveals the following information. *See State ex rel. Neguse*, 2020-Ohio-3533, at ¶ 18. In Case No. 2021 CR-B 000912, he was convicted of a first-degree criminal misdemeanor and a fourth-degree criminal misdemeanor. In Case No. 2021 CR-B 001471, he was convicted of a fourth-degree criminal misdemeanor. Finally, in Case No. 2023 CR-B 000137, he was convicted of a first-degree criminal misdemeanor. In each case, the municipal court issued a registration block to the bureau of motor vehicles due to the nonpayment of fines and/or costs. *See* Former R.C. 1901.44.

{¶11} The amended complaint alleges that, pursuant House Bill 29 and R.C. 4510.22, Mr. Huffman has a clear legal right to the removal of the vehicle registration blocks placed on him. As previously noted, House Bill 29 took effect in April 2025. Relevant to this appeal, the bill amended R.C. 1901.44. Under the current version of the statute, a municipal court no longer has the authority to issue a vehicle registration block due to nonpayment of a court-ordered debt. *See* R.C. 1901.44. According to Mr. Huffman, Section 5 of House Bill 29 made that change retroactive and expressly mandated the removal of any debt-based registration blocks.

{¶12} Section 5 of House Bill 29 addressed the removal of previously imposed vehicle registration blocks. It provided, in relevant part, as follows:

> Section 5. (A) Not later than thirty days after the effective date of this section, the Registrar of Motor Vehicles shall remove any suspensions of an individual's . . . motor vehicle registration that were imposed under section 4510.22 of the Revised Code, prior to the effective date of this section, for failure to pay a court fine or fee.
>
> (B) Not later than thirty days after the effective date of this section, the Registrar shall create a list of individuals whose . . . motor vehicle registration is suspended under section 2935.27 of the Revised Code for failure to pay a court fine or fee. The Registrar shall notify the courts that suspended those individuals' . . . motor vehicle registrations of the individuals' names and suspension. The courts shall

order the Registrar to remove the suspensions associated with section 2935.27 of the Revised Code for those individuals.

House Bill 29, Section 5(A)-(B). Section 5 did not address retroactivity or the removal of vehicle registration blocks imposed under R.C. 1901.44 for criminal misdemeanors.

{¶13} Presuming the truth of all material factual allegations in the amended complaint and making all reasonable inferences in Mr. Huffman's favor, it appears beyond doubt that he cannot prove the existence of a clear legal right to the relief he seeks. Mr. Huffman was not convicted of a motor vehicle offense under R.C. Chapter 4510 in his three remaining cases. *See* House Bill 29, Section 5(A). *See also* R.C. 4510.22 (applying to license blocks for motor vehicle-related offenses). Nor was he convicted of minor misdemeanors such that R.C. 2935.27 applied to him. *See* House Bill 29, Section 5(B). As previously noted, Mr. Huffman was convicted of criminal misdemeanors. While Section 5 of House Bill 29 mandated the removal of previously imposed registration blocks in the case of motor vehicle offenses and minor misdemeanors, it did not do so for criminal misdemeanors. Thus, it appears beyond doubt that Mr. Huffman cannot prevail on the facts alleged in the amended complaint. For the foregoing reasons, the case is dismissed. In light of the dismissal, Mr. Huffman's motion for summary judgment is moot. *See State ex rel. Smith v. Rothal*, 2002 WL 386393, *3 (9th Dist. Mar. 5, 2002).

### Conclusion

{¶14} The case is dismissed. All outstanding motions are denied. Costs of this action are taxed to Mr. Huffman. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

JILL FLAGG LANZINGER
FOR THE COURT

SUTTON, J.
STEVENSON, J.
CONCUR.


APPEARANCES:

CODY HUFFMAN, Pro Se, Relator.

ANGELA WYPASEK, Prosecuting Attorney, and THOMAS M. McCARTY, Assistant Prosecuting Attorney, for Respondent.