[Cite as *State ex rel. Holloway v. Saffold*, 2026-Ohio-1779.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE EX REL. CASE HOLLOWAY, :

    Relator, : No. 116122

    v. :

JEFFREY P. SAFFOLD, :

    Respondent. :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** PETITION DISMISSED
**DATED:** May 12, 2026

---

Writ of Mandamus
Motion Nos. 593328 and 593469
Order No. 595182

---

### *Appearances:*

Case Holloway, *pro se.*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Jake A. Elliott, Assistant Prosecuting Attorney, *for respondent.*

LISA B. FORBES, P.J.:

{¶ 1} Relator Case Holloway, pro se, seeks a writ of mandamus ordering respondent Judge Jeffrey P. Saffold (the "trial court" or "respondent") to issue findings of fact related to the trial court's denial of Holloway's motion to vacate void

judgment.  Because, for the reasons that follow, it appears beyond doubt Holloway cannot prevail on his mandamus claim, we dismiss his petition.

## I. Factual and Procedural Background

{¶ 2} On February 10, 2026, Holloway filed the instant petition for a writ of mandamus.  Holloway seeks an order compelling respondent to issue findings of fact in response to his "motion for findings of fact in support of plaintiff's denial of defendant's motion to vacate void judgment filed on October 24, 2024" ("motion for findings of fact").  Holloway asserts that he had a "clear legal right for relief for respondent to issue a finding of fact based on entitling the relator to a [sic] appellate review of the findings of fact . . . requested," that respondent has "a clear legal duty" to issue findings of fact under Crim.R. 32(C), and that respondent has a "clear legal duty to perform a final appealable order."

{¶ 3} Holloway does not identify the underlying criminal case in which he seeks relief in his petition, but, based on a review of the Cuyahoga County Common Pleas Court docket, his petition appears to relate to *State v. Holloway*, Cuyahoga C.P. No. CR-22-673380-C.[1]

---

[1] This background is based on our review of the publicly available, online docket in the underlying criminal case.  *See State ex rel. Fischer Asset Mgt., LLC v. Scott*, 2023-Ohio-3891, ¶ 3, fn. 1 (8th Dist.) (observing, in original action, that "[t]his court is permitted to take judicial notice of court filings that are readily accessible from the internet"); *Patterson v. Cuyahoga Cty. Common Pleas Court*, 2019-Ohio-110, ¶ 2, fn. 1 (8th Dist.) (setting forth procedural history relevant to mandamus action based on review of "publicly available dockets"), citing *Cornelison v. Russo*, 2018-Ohio-3574, ¶ 8, fn. 2 (8th Dist.), citing *State ex rel. Everhart v. McIntosh*, 2007-Ohio-4798, ¶ 8; *see also Manning v. Gallagher*, 2025-Ohio-2781, ¶ 2, fn. 1 (8th Dist.).  Judicial notice may be taken in writ actions without converting a motion to dismiss into a motion for summary judgment. *Beverly v. Cuyahoga*

**{¶ 4}** In that case, a jury found Holloway guilty of multiple counts arising out of a series of large-scale liquor thefts at Giant Eagle stores in Northeast Ohio. Holloway appealed his convictions. On August 22, 2024, this court affirmed the trial court's judgment in part, reversed in part, and remanded the case to the trial court for resentencing, finding that certain counts should have merged for sentencing. *State v. Holloway*, 2024-Ohio-3189, ¶ 1-3, 14, 73-74 (8th Dist.).

**{¶ 5}** Prior to his resentencing, Holloway filed, pro se, a "motion to vacate void judgment; contrary to law," in which he argued that the trial court's judgment with respect to Counts 1 and 2 (engaging in a pattern of corrupt activity and civil conspiracy) was "supported by plain allied offense error that violates the Double Jeopardy Clause," lacked sufficient evidence, and was, therefore, "void" and "contrary to law" ("motion to vacate void judgment"). On November 14, 2024, the trial court resentenced Holloway. Holloway did not appeal his resentencing.

**{¶ 6}** On April 21, 2025, the trial court denied his motion to vacate void judgment, explaining the basis for its ruling as follows:

> On October 20, 2023, defendant filed an appeal of his convictions in Case Number CR-22-673380-C in *State v. Holloway*, 8th Dist. Cuyahoga App. No. 113296, 2024-Ohio-3189, 250 N.E.3d 777 ("*Holloway*").
>
> On August 22, 2024, the Eighth District Court of Appeals in *Holloway* remanded Case Number CR-22-673380-C for resentencing. *Id.*, ¶ 74.

---

*Cty. Mun. Court*, 2025-Ohio-2457, ¶ 16 (8th Dist.); *see also State ex rel. Nelson v. Russo*, 89 Ohio St.3d 227, 228 (2000).

On November 14, 2024, the trial court resentenced defendant in Case Number CR-22-673380-C as mandated by the Eighth District Court of Appeals in *Holloway*. (See attached entry).

For the foregoing reasons defendant's motion to vacate void judgement filed on October 24, 2024, is denied.[2]

Holloway did not appeal the denial of his motion to vacate void judgment.

{¶ 7} On September 8, 2025, Holloway filed his motion for findings of fact, requesting that the trial court issue "essential findings of fact" related to the denial of his motion to vacate void judgment "in accordance with Crim.R. 12(F)." On September 10, 2025 — five months before Holloway filed his petition — the trial court denied his motion for findings of fact.

{¶ 8} On March 13, 2026, respondent filed a motion to dismiss relator's petition pursuant to Civ.R. 12(B)(6) and Loc.App.R. 45 on the grounds that it fails to state a claim upon which relief in mandamus can be granted. Respondent contends that relator's petition should be dismissed because (1) relator is not entitled to findings of fact related to his motion to vacate void judgment; (2) the trial court already provided a rationale for its ruling in its journal entry denying the

---

2 Holloway filed a prior petition for a writ of mandamus in which he requested that respondent be ordered to "grant" his motion to vacate void judgment. In that petition, Holloway contended that there was "no other way" to get the remedy he sought because his sufficiency-of-the-evidence challenge was "denied/dismissed on appeal" and that he "can't appeal [his] motion [sic] to vacate void judgment" because "respondent did not issue finding of fact or conclusion of law for said judgment." This court denied Holloway's petition, in part, because Holloway had already received all the relief he could have received on his mandamus claim once respondent ruled on his motion to vacate void judgment and it was, therefore, moot. *State ex rel. Holloway v. Saffold*, 2025-Ohio-1936, ¶ 2, 12 (8th Dist.).

motion to vacate void judgment; and (3) the trial court complied with Crim.R. 32(C) when it resentenced Holloway on November 14, 2024.

{¶ 9} Holloway filed a timely opposition to respondent's motion to dismiss in which he argued that was entitled to an order compelling respondent "to issue a judgment complying with Crim.R. 32(C)" in regard to his motion to vacate void judgment.

{¶ 10} On March 17, 2026, Holloway also filed a motion for summary judgment. Holloway did not point to any evidence of the type specified in Civ.R. 56(C) in support of his motion but merely cited the standard for summary judgment and argued that since "[r]espondent has not filed any motion briefing a genuine issue that exists to any material fact of relator's writ of mandamus," "viewing the evidence most strongly in favor of the respondent," Holloway was entitled to summary judgment as a matter of law.

## II. Law and Analysis

### A. Respondent's Motion to Dismiss

#### 1. Standard for Dismissal under Civ.R. 12(B)(6)

{¶ 11} Dismissal of a mandamus action under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted "'is appropriate if, after presuming all factual allegations in the complaint to be true and drawing all reasonable inferences in the relator's favor, it appears beyond doubt that [Holloway] can prove no set of facts entitling him to a writ of mandamus.'" *State ex rel. Roush v. Hickson*, 2024-Ohio-4741, ¶ 8, quoting *State ex rel. A.N. v. Cuyahoga Cty. Prosecutor's Office*,

2021-Ohio-2071, ¶ 8. "'[U]nsupported legal conclusions, even when cast as factual assertions, are not presumed true for purposes of a motion to dismiss.'" *State ex rel. Roush* at ¶ 8, quoting *State ex rel. Martre v. Reed*, 2020-Ohio-4777, ¶ 12.

### 2. Standard for a Writ of Mandamus

{¶ 12} A writ of mandamus is "a writ, issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specifically enjoins as a duty resulting from an office, trust, or station." R.C. 2731.01. It is "an extraordinary remedy that is to be exercised with caution and only when the right is clear." *State ex rel. Tobias v. Fuerst*, 2022-Ohio-3556, ¶ 5 (8th Dist.). To be entitled to mandamus relief, the relator must establish by clear and convincing evidence that (1) he or she has a clear legal right to the requested relief, (2) the respondent has a clear legal duty to provide that relief, and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Schwarzmer v. Mazzone*, 2025-Ohio-1246, ¶ 10; *State ex rel. Duncan v. Chambers-Smith*, 2025-Ohio-978, ¶ 10.

{¶ 13} A writ of mandamus may be used to compel a court to act, but it cannot generally be used to dictate the action the court takes. *See* R.C. 2731.03 ("The writ of mandamus may require an inferior tribunal to exercise its judgment, or proceed to the discharge of any of its functions, but it cannot control judicial discretion."). Thus, although a writ of mandamus may be used to require a judge to issue a ruling on a particular matter, it cannot be used to control what decision is issued. *Wesley v. Cuyahoga Cty. Court of Common Pleas*, 2020-Ohio-4921, ¶ 10 (8th Dist.).

"'[M]andamus does not lie to correct errors and procedural irregularities in the course of a case'" and "cannot be used as a substitute for an appeal." *State ex rel. Collins v. Kilbane*, 2023-Ohio-1577, ¶ 5 (8th Dist.), quoting *State ex rel. Scott v. Gall*, 2020-Ohio-929, ¶ 7 (8th Dist.). Further, a writ of mandamus will not compel the performance of a duty that has already been performed. *State ex rel. S.Y.C. v. Floyd*, 2024-Ohio-1387, ¶ 15.

{¶ 14} In his petition, Holloway contends that he has a clear legal right to findings of fact with respect to the denial of his motion to vacate void judgment and that respondent has a clear legal duty to issue them, pursuant to Crim.R. 32(C). Crim.R. 32(C) addresses the requirements for a judgment of conviction. It states:

> A judgment of conviction shall set forth the fact of conviction and the sentence. Multiple judgments of conviction may be addressed in one judgment entry. If the defendant is found not guilty or for any other reason is entitled to be discharged, the court shall render judgment accordingly. The judge shall sign the judgment and the clerk shall enter it on the journal. A judgment is effective only when entered on the journal by the clerk.

Crim.R. 32(C) sets forth the essential elements for a judgment of conviction. It does not require findings of facts for other rulings and journal entries in criminal cases.

{¶ 15} Nor does Crim.R. 12(F), referenced in relator's motion for findings of fact, require the trial court to issue findings of fact with respect to relator's motion to vacate void judgment. Crim.R. 12 addresses "Pleadings and Motions Before Trial." Crim.R. 12(F) states, in relevant part, "Where factual issues are involved in determining a motion, the court shall state its essential findings on the record." Relator's motion was not a pretrial motion, and there were no "factual issues"

involved in the trial court's ruling.  Further, to the extent that this court's ruling on appeal and the trial court's subsequent resentencing could be considered "factual issues," they were clearly identified in the trial court's journal entry explaining the basis for its denial of the motion to vacate void judgment.

{¶ 16} Thus, Holloway has provided no authority that the trial court had a clear legal duty to provide findings of facts in support of its denial of relator's motion to vacate void judgment.  And even if the trial court had such a duty, the allegations of Holloway's petition do not establish that he lacked an adequate remedy in the ordinary course of law.

{¶ 17} Error in ruling on a motion is generally remedied through appeal, not an extraordinary writ.  *See, e.g., State ex rel. Austin v. Fuerst*, 2020-Ohio-928, ¶ 12 (8th Dist.); *see also State v. Minter,* 2015-Ohio-23, ¶ 5 (8th Dist.) (Writ for mandamus denied where relator provided no authority that trial court had duty to issue findings of fact and conclusions of law in denying motion to vacate a void judgment.), citing *State ex rel. Jefferson v. Russo*, 2008-Ohio-135, ¶ 3 (8th Dist.) ("Generally, findings of fact and conclusions of law are not required for ruling on a motion other than an authentic postconviction relief petition under R.C. 2953.21 . . . . [A]n appeal is an adequate remedy. . . for failing to provide findings of fact and conclusions of law for rulings on motions.").[3]

---

[3] Even if Holloway's motion to vacate void judgment were to be construed as a petition for postconviction relief and even if the trial court's entry denying his motion to vacate void judgment were deemed to include insufficient findings of fact, this would not provide a basis for mandamus relief.  *See State ex rel. Penland v. Dinkelacker*, 2020-Ohio-3774, ¶ 3, 29 ("[A] trial court's failure to issue findings of fact and conclusions of law with

{¶ 18} A review of the docket in the underlying case shows that the trial court had already ruled on Holloway's motion for findings of fact before he filed his petition. Holloway has, therefore, already received all of the relief to which he could be entitled through his mandamus claim. *See, e.g., Hicks v. Russo*, 2025-Ohio-2077, ¶ 10 (8th Dist.) (where respondent had already ruled on relator's motions when she filed her petition, relator has already received all the relief she could have received through her mandamus claim, rendering her petition moot), citing *State ex rel. S.Y.C.*, 2024-Ohio-1387, at ¶ 15-16.

{¶ 19} After presuming the truth of all the material factual allegations of Holloway's petition and drawing all reasonable inferences in his favor, it appears beyond doubt that Holloway cannot prevail on his mandamus claim. The allegations of Holloway's petition do not state a claim for mandamus relief. Accordingly, we grant respondent's motion to dismiss.

## B. Relator's Motion for Summary Judgment

{¶ 20} Based on our resolution of respondent's motion to dismiss, relator's motion for summary judgment, which does not meet the requirements of Civ.R. 56(C), is denied as moot.

---

respect to a judgment denying postconviction relief is an error that may be corrected through an appeal, not a defect depriving the appellate court of jurisdiction over the appeal.").

{¶ 21} Costs assessed against relator; costs waived.  The clerk is directed to serve on all parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

{¶ 22} Petition dismissed.


_____
LISA B. FORBES, PRESIDING JUDGE

EILEEN T. GALLAGHER, J., and
KATHLEEN ANN KEOUGH, J., CONCUR